## 4386.  COKER v. THE STATE.

The home and place of business of a farmer are the house wherein he resides and the plantation upon which his farming operations are conducted. It is therefore not a violation of the act approved August 12, 1910, prohibiting one not licensed to carry a pistol from carrying around or having in his manual possession a pistol "outside of his own home or place of business" (Acts 1910, p. 134), for one who lives on a farm, of which he is in charge as an overseer, to have about his person on that farm a pistol fully exposed to view, notwithstanding he has no license from the ordinary of the county to carry the pistol.

DECIDED OCTOBER 22, 1912.

Indictment for misdemeanor; from Tift superior court—Judge Thomas. August 3, 1912.

*R. D. Smith, C. C. Hall, G. E. Simpson,* for plaintiff in error.

*J. A. Wilkes, solicitor-general,* contra.

POTTLE, J. This was a conviction of carrying a pistol without having procured a license so to do. The accused was a single man, and had charge of his mother's plantation, where both she and he resided. He had the pistol on this plantation, and not elsewhere, so far as appears from the evidence. The statute makes it penal for any one "to carry around with him on his person, or to have in his manual possession outside of his own home or place of business," a pistol or revolver, without first obtaining a license from the ordinary, unless he be within one of the excepted classes specified in the statute. Acts 1910, p. 134.

In *Strickland* v. *State,* 137 *Ga.* 1 (72 S. E. 260), wherein the constitutionality of this statute was brought in question, the court said: "The act should receive a reasonable construction. Suppose that the owner of a pistol should accidentally drop it from the window of his dwelling to the street. A narrow and literal construction of the act might make it penal for him to pick it up and carry it into his house. It is lawful to sell pistols. But a similar construction might make it impossible for the carrier to deliver them to the dealer, or the dealer to deliver them to the customer. We will not anticipate that any such construction will be given, but one which will carry out the legislative purpose." Following the general principle thus announced, we do not think a reasonable and sensible construction of this act would prevent a farmer from carrying a pistol around in an open manner anywhere on his farm where he may have occasion to go. Technically the word "home"

may mean, as the solicitor-general insists, the house wherein one resides. But the words "home or place of business," as used in the act, are broad enough to include any portion of a farm or plantation where one employs his time and makes his living. There is his place of business, the place where he earns a livelihood. His business is farming, and the place where this business is conducted is, not the house exclusively, but in the field or the woodland, or anywhere on the plantation where his business requires his presence. The accused was overseer for his mother. The plantation was as much his home and place of business as if he owned it. The conviction should have been set aside.        *Judgment reversed.*

RUSSELL, J., concurring specially. I concur in the ruling announced in the headnote, and agree that the judgment should be reversed, because the facts disclosed by the record in the particular case show that the accused was carrying the pistol only upon premises of which he was in lawful control, and which could properly be called his home. I do not think the act should be so construed as to authorize even a farmer to carry a pistol (unless he has a license) "anywhere on his farm where he may have occasion to go." In my opinion, the words "home or place of business," as used in the act, may reasonably include that portion of a landlord's premises of which he retains control, as well as his dwelling-house, and other buildings necessarily appurtenant thereto. This would include lands cultivated by croppers; for they are presumed to cultivate and gather the crops under the supervision of their landlord or his agent. But even farm lands, when occupied by tenants, can not be said to be included within either the term "home" or the term "place of business;" and the mere fact that the owner of the premises perhaps derives an income from the rental does not, in my opinion, authorize him, upon such portions of his farm land, to carry a pistol without having obtained the license required by law. In *Boyd* v. *State*, 10 *Ga. App.* 451 (73 S. E. 551), we held that where the cropper did not live in the same dwelling-house with the landlord, the dwelling-house of the landlord could not be held to be the cropper's place of business. This ruling, which is adhered to by this court, was based upon the proposition that the status of the home and place of business (excepted by the statute from the operation of the law requiring a license) is fixed by the nature of one's possession and occupancy, rather than by the nature

of his ownership or the extent of his title.   Farm land in the possession of a tenant,—either of one who pays standing rent or of one who pays a share of the crop as rental, is the home or place of business, or the home and place of business, as the case may be, of the tenant.   During the continuance of the tenancy the landlord and owner is not entitled to the possession of the premises, but the tenant is.   Premises which the owner has rented to another are neither his home nor his place of business, unless it be by virtue of some contract varying the usual relation of landlord and tenant. And hence, on such portions of a farm as are rented, a pistol can not lawfully be carried without a license.