### 4340.  MILLER v. THE STATE.

RUSSELL, J.  It appears, from the evidence, that the accused was a wages hand, employed as a farm laborer, whose duty was to work on any part of the employer's plantation where he was directed to labor, and that he was required to eat his meals at the employer's residence on the plantation; and the evidence does not disclose that he carried the pistol at any other place than the part of the plantation between his employer's residence and the house occupied by himself and his wife, which also was upon the plantation. *Held*, that, under these facts, the house of the employer and the space between it and the house occupied by the accused upon the plantation are included, as to the accused, in the term "place of business," within the meaning of the act of 1910 as to carrying a pistol without a license (Acts 1910, p. 134). *Coker* v. *State*, ante, 425 (76 S. E. 103, 991).          *Judgment reversed.*

DECIDED MARCH 18, 1913.

Accusation of carrying pistol without license; from city court of Elberton—Judge Grogan.  July 15, 1912.

*J. T. Sisk, W. A. Nall,* for plaintiff in error.

*Boozer Payne, solicitor,* contra.