### 5562.　IDELETT *v.* THE STATE.

The phrase "place of business," used in the act of 1910 regulating the carrying of pistols (Acts of 1910, p. 134), as related to a farm laborer, ex vi termini includes the specific portion of a farm or plantation where one employs his time and makes his living; and it includes the whole farm or plantation if he is employed to work and does work when so directed in any and every part of it. If one's business is farming, his place of business is not confined to houses, but may be in the field, the woodland, the meadow, or at any other place on the farm where his business of farming requires his presence.

DECIDED APRIL 18, 1914.

Indictment for misdemeanor; from city court of Americus— Judge Harper. February 14, 1914.

*J. B. Hudson,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.

RUSSELL, C. J. We would be much inclined to affirm the judgment refusing a new trial in this case (because the mere fact that erroneous instructions may have been given does not require the grant of a new trial except where it appears that such instructions were injurious), but for the fact that the jury, upon an indictment charging in one count the offense of carrying a pistol concealed, and in the second count the offense of carrying a pistol without a license, found the defendant guilty only under the second count, though there was positive testimony authorizing the conviction of the defendant of the offense of carrying a concealed weapon. The testimony tending to show the defendant's guilt of the offense of carrying a concealed weapon was as direct and positive as that which tended to establish his guilt of a violation of the statute forbidding the carrying of a pistol (except under certain circum-

stances) without a license. There was testimony which would have authorized the jury to convict the accused of the offense charged in the second count of the indictment. But, from the circumstance that the jury declined to convict the accused of the offense of carrying a concealed pistol upon the testimony of the same witness who testified to the carrying of the pistol without a license at a place different from the home of the accused and his place of business, it must be assumed that the jury did not believe this witness and rejected his testimony, and that the verdict rendered depends wholly upon the credibility of another witness, whose testimony would not have required the finding returned had the court correctly instructed the jury as to the right of the accused to carry a pistol at his place of business. The exception to the instruction delivered by the court, and the assignment of error upon the refusal of the court to charge the jury as requested, both raise the same point: Is the farm on which one earns his living—the land upon which one labors at farming—his place of business? The court (after correctly stating the rule as it should be applied in case of the proprietor, or person in control of the plantation) charged the jury that, as to "an employee whose only duty it is to work upon any portion of the farm as might be directed of him by his employer or by the person in charge and management of the farm, and who has no other control or management of the farm except to work thereon as directed by such manager, overseer, or owner, such farm would not, within the meaning of this statute, constitute the place of business of such employee so as to permit him to carry a pistol without first having taken out a license so to do." The court refused to charge that "If a wage hand, a cropper, or a tenant, employed on a farm and whose duty is to work on the farm or any part of the employer's plantation or farm where he is directed to labor, or where he has possession of the farm, either as a farm hand, cropper, or tenant, he would have the right to have in his manual possession thereon a pistol, without first procuring a license from the ordinary of the county." We consider the point settled by the ruling in *Coker* v. *State*, 12 *Ga. App.* 425 (76 S. E. 103, 991), and we hold that the court erred in the instruction given. We can not concur in the view taken by the learned solicitor-general, that it was the intention of the lawmakers to confer upon landed proprietors privileges to which their fellow citizens who

might happen to be farm laborers would not be entitled, or to deprive a farm laborer of the right of openly carrying a pistol, as need might require, at his home or place of business, while according that right to others, whose only claim to this partiality lies in their property interests. If, under any circumstances, there is any necessity for one to have a pistol at his place of business, the necessity is as apt to arise in the case of a laborer as in that of a landed proprietor. The possession of a pistol in either case could be justified only upon some principle of law which might justify its use. And under these circumstances the possession of a pistol might be absolutely necessary. Certainly it can not be contended that, even though one is a mere farm laborer, he should be left defenseless (at the place of business where he is compelled to work) against an unlawful and felonious attack which he might have good reason to apprehend, unless he sees proper and likewise has the opportunity to obtain a license to carry his pistol, and yet the more favored landowner not be subjected to such a requirement. The law must be administered with uniformity and impartiality. Without regard to social or financial status, the legislature has seen fit to permit the citizen to have and carry a pistol without a license at his home and place of business, and no question of policy or expediency can be permitted to vary the plain letter of the law or its apparent spirit.

In view of the error in the court's instruction, the court erred in refusing a new trial. *Judgment reversed.*