## 5535.  JONES v. THE STATE.

A cropper or other farm laborer has the right to carry a pistol, not concealed, upon that portion of the farm on which he is employed or directed to labor, without first obtaining a license; and, consequently, the trial judge too greatly restricted the defendant's right by charging the jury that "such wages hand or laborer would have a right, without a license, to have or carry a pistol at his home, but would not have the right, without a license, to carry such pistol into the fields of said farm upon which he was employed to work."

DECIDED APRIL 30, 1914.

Accusation of misdemeanor; from city court of Americus—Judge Harper. February 14, 1914.

*E. A. Nisbet,* for plaintiff in error.

*J. R. Williams, solicitor-general,* contra.

ROAN, J.  In the first count of the indictment it is charged that the defendant did unlawfully "have and carry about his person a certain pistol, and not in an open manner and fully exposed to view." The second count charges that he did unlawfully "carry around with him on his person, and had in his manual possession outside of his home and place of business, a certain pistol, without first having taken out a license from the ordinary of the county" in which he then resided. The verdict found him guilty on each count, and sentences were imposed as to each, the sentences being cumulative, and not concurrent. The defendant made a motion for a new trial on the usual general grounds, and on the ground that the court erred in charging the jury as follows: "I charge you a person would have a right to have a pistol without a license in his own home or place of business, I charge you that the owner of a farm, who is in possession and management of the farming operations, or an overseer upon such farm who has the management and direction of such operations, would have the right, without a license, to carry a pistol upon said farm as his place of business. So, also, a tenant having possession and control of such farm would likewise have such right. I charge you, however, that a wages hand, or laborer upon such farm, who lived upon the farm, who had no control or management of the operations of such farm, but whose duty it was to work under the direction of the owner or person in control and management of such farming operations,  .  .  would have a right, without a license, to have or carry a pistol at his home, but would not have the right, without a license, to carry such pistol

into the fields of said farm upon which he was so employed to work." The latter portion of this excerpt from the charge of the court was error. *Miller* v. *State,* 12 *Ga. App.* 479 (77 S. E. 653) ; *Idelelt* v. *State,* 14 *Ga. App.* 501 (81 S. E. 379). There is evidence to sustain the conviction on the first count, but the conviction on the second count is unsupported by evidence. In *Toole* v. *State,* 4 *Ga. App.* 496 (61 S. E. 917), this court held: "If by the indictment the defendant is prosecuted for several distinct offenses set forth in its various counts, a general verdict of guilty can not be upheld, unless there is sufficient proof to justify a conviction under each and all of them."           *Judgment reversed.*