A. O. POSTON V. THE STATE.

No. 18788. Delivered April 21, 1937.

318

The opinion states the case.

*Foyd Harry,* of Farmersville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Responding to appellant's motion for rehearing, we have again examined the record and have come to the conclusion that our original opinion was erroneous, and the same is withdrawn and the following substituted in place thereof.

Appellant was convicted for unlawfully carrying a pistol, his punishment being assessed at confinement in the county jail for thirty days.

The State introduced two witnesses, each of whom testified that he was present on the occasion in question, and that appellant was arrested, having on his person a pistol. The pistol was in his right trousers' pocket, and was a Smith & Wesson, .38 caliber. These gentlemen testified that they arrested appellant in a place run by Barker & Wilcoxson, which was adjoining a blacksmith shop run by Mr. Gaddy. Mr. Gaddy's blacksmith shop was about fifteen feet wide, and the place of Barker & Wilcoxson about ten or twelve feet wide, there being merely a partition between the two. One of these gentlemen testified, over objection, that Mr. Roy came to him and gave him a report that there was a man down there drunk with a gun who said he was going to burn somebody down. Neither of these witnesses testified that appellant was drunk, or making any demonstration with the pistol at the time of his arrest. The appellant introduced Mr. Gaddy, who testified that appellant worked for him in his place of business, and also that he helped in the Barker & Wilcoxson place; that appellant had been helping them ever since they had been in said place, which was

some two or three months. Dr. Gaddy had been running his business several years, and testified that he paid appellant for working for him. Mr. Gaddy also testified that the pistol found on appellant was his, and that he had told appellant he wanted to sell it, and for appellant to come and get it and take it any time he had a prospective purchaser and wanted to show it to him. He further testified that appellant had not been out of his place more than thirty or forty minutes when he heard he was arrested. Appellant had told him that he had a prospective purchaser for the pistol, but had not told him to whom he was going to try to sell same. Appellant's wife testified that her husband worked for Messrs. Barker & Wilcoxson, and for Mr. Gaddy; that he was working at these places at the time he was arrested.

It is apparent that the testimony of the officer as to the report given him by Mr. Roy regarding some man down there being drunk and threatening to burn somebody down with a pistol, should not have been put before the jury. Appellant objected and has a bill of exceptions complaining of the introduction of this evidence.

In his charge to the jury the learned trial judge told them that if they believed from the evidence that at the time he had said pistol appellant was "on his own place of business," or if they had a reasonable doubt thereof, they should acquit him. Appellant presented eight requested charges, all of which were refused, and also excepted to the court's charge for refusing to give the substance of said special charges. The second charge requested and refused sought to have the jury told that if they believed appellant was in possession of the pistol of Mr. Gaddy for the purpose of trying to dispose of it, and that he was then in pursuance of said purpose, and was carrying the pistol so that it might be examined by some prospective purchaser, that they should find appellant not guilty. Special charge No. 3 was in substance the same. Appellant requested special charges Nos. 4 and 5, which are as follows:

"Gentlemen of the Jury: At the request of the defendant I charge you that where a person is employed to work and is working it is his place of business and he has a right under the law to carry a pistol on said premises," and again

"Gentlemen of the Jury: At the request of the defendant, I charge you that where a person is employed to work is his place of business and he has a right to carry a pistol on said premises."

The court refused to give these charges. Appellant's special

charge No. 7 was, in substance, that if the jury found from the evidence that at the time appellant was found in possession of the pistol he was in the employment of John Gaddy, and was in the employment of Barker & Wilcoxson, and if they found that at said time he was in the place of business of either of said parties, they should acquit him.

In our opinion the substance of the special charges above set out should have been embodied in the charge of the court to the jury under the facts of this case. It is true, appellant did not own either place of business referred to, and the jury may have been misled by the language of the court's charge, but it is legally true that if appellant was employed to work in both of said places of business, he would not have been violating the law to have had on his person at either place the weapon mentioned. Smith v. State, 50 Texas Crim. Rep., 642; Craig v. State, 60 Texas Crim. Rep., 195; Gibbs v. State, 70 Texas Crim. Rep., 278; Campbell v. State, 28 Texas Crim. App., 44.

Being of opinion that the learned trial judge fell into error in refusing to give the substance of said special charges, and that the testimony as to the report made to the officers by Mr. Roy was inadmissible, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*