**Porter Langston WELSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39144.

Court of Criminal Appeals of Texas.

Feb. 2, 1966.

**568**

Pope & Heitler, by John E. Heitler, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for unlawfully carrying a pistol; the punishment, a fine of $200.

From a narrative statement of facts it is revealed that when the appellant passed two officers while he was driving an automobile upon a public highway at an excessive rate of speed, they pursued and stopped him; that he had the odor of alcohol about him and staggered; and that the officers found a loaded pistol on the front floorboard on the driver's side of the car.

The appellant testified that Roscoe Mumphrey had previously told him that he was interested in purchasing a pistol; that he took the pistol, which he owned, from his home and carried it to the home of Mumphrey for the sole purpose of selling it; that after Mumphrey declined to purchase the pistol, he was returning it home by the usual and direct route when the officers stopped him and took possession of the pistol.

The testimony of Mumphrey corroborates that of the appellant.

The appellant timely and properly objected and reserved his exception to the failure of the court to submit his affirmative defense to the jury, that is that he took the pistol from his home to sell it to a certain person at his residence and was returning it to his home after failing to sell it.

The evidence raised the issue of a legitimate right of the appellant to take the pistol from the residence of the prospective purchaser by the direct way back to his home at the time the officers apprehended him. 61 Tex.Jur. (2) 58, Sec. 37; Jarrett v. State, 103 Tex.Cr.R. 447, 281 S.W. 872; Poston v. State, 132 Tex.Cr.R. 317, 104 S.W.2d 516.

For the error pointed out the judgment is reversed and remanded.

Opinion approved by the Court.