Jose A. Alvarado **FLORES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45316.

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

**578**

Bill W. Bailey, De Soto, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the felony offense of carrying a pistol on a licensed premises under the Texas Liquor Control Act in violation of Article 483, Vernon's Ann.P.C. Punishment was assessed at two years.

On November 7, 1970, Officer D. L. Cain of the Dallas Police Department was on patrol in East Dallas. While making a routine check of the Apollo Lounge, he observed appellant and three others sitting at a table just inside the entrance. He observed a pistol in appellant's hand and then watched appellant slide it under the bar.

At his trial, appellant's defense was that he was an employee of the Apollo Lounge and as such Article 483, supra, was not applicable to him. The provisions of Article 484, V.A.P.C., specifically exclude the application of Article 483 to one who carries arms at his place of business. Officer Cain testified that during his investigation he was told that appellant was an employee of the Apollo Lounge. Appellant also testified that he was an employee and that he was on duty at the time of his arrest.

Appellant contends that the trial court erred in refusing to submit the following instruction to the jury:

"You are instructed that where a person is employed to work and is working, it is his place of employment and he has a right under the law to carry a pistol on said premises.

"You are further instructed that if you find from the evidence that at the time the defendant was found in possession of the pistol he was in the employment of A. T. 'Mario' Ybarra and if you find that at said time he was carrying on the duties of his employment in the place of business of his employer, you will acquit the defendant and find him not guilty."

In Poston v. State, 132 Tex.Cr.R. 317, 104 S.W.2d 516, this Court held that it was reversible error to refuse to submit such a requested charge.

We hold that the court erred in refusing to submit the instruction as requested or one of like impact to adequately protect the appellant's right under Article 484, supra.

For the reason stated, the judgment is reversed and the cause is remanded.