279 So.2d 317 (1973)
William Howard FRENCH, Appellant,
v.
STATE of Florida, Appellee.
No. 71-939.
District Court of Appeal of Florida, Fourth District.
June 20, 1973.
Walter N. Colbath, Jr., Public Defender, and Charles W. Musgrove, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Andrew I. Friedrich, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, William Howard French, was charged by information in count one thereof with unlawfully entering and remaining in a building for the purpose of prostitution, lewdness or assignation, *318 in violation of Section 796.07(3)(c), Florida Statutes, F.S.A., and in count two of the information with unlawfully carrying a concealed firearm contrary to Section 790.01(2), Florida Statutes 1969, F.S.A., tried and convicted by a jury on both counts, and adjudged guilty by the trial court with imposition of sentence. We reverse.
Turning first to the conviction for carrying a concealed firearm, French does not contest the fact that when he was arrested, he was carrying a pistol in his trouser pocket, i.e., he admits that he was carrying a concealed firearm. French does contend, however, that he proved a statutory defense[1] to the charged crime as he was in his home at the time of carrying the concealed firearm. Motion for judgment of acquittal was made at trial and denied. A request was made to instruct the jury that French had a right to possess a firearm in his own home, which request was similarly denied. French was convicted by the jury, adjudged guilty by the court and sentence imposed. This appeal followed.
The primary thrust of this appeal is whether a person who carries a concealed firearm in his own home violates Section 790.01(2), Florida Statutes 1969, F.S.A.
To answer the above posed question we must analyze chapter 790, Florida Statutes 1969, F.S.A., which governs weapons and firearms. Examining first § 790.001, we find that the term "firearm" statutorily is defined to include the pistol found upon the appellant[2] but that the term "weapon" by statutory definition does not include a firearm.[3] Turning to § 790.01(2) under which appellant was charged, we find that the statute prohibits in subsection 2 the carrying of a concealed firearm on or about one's person. Subsection 4 thereof, however, expressly provides that § 790.01 shall not apply to persons licensed as set forth in §§ 790.05 and 790.06.
Section 790.05, Florida Statutes, F.S.A., provides a penalty[4] for the carrying of a pistol or repeating rifle by a person who has failed to obtain a license from the county commissioners. Section 790.06 sets forth certain requirements which must be satisfied before the county commissioners may issue a license to carry a firearm.
Having set the basic statutory framework, we now turn to Section 790.25, Florida Statutes, F.S.A., the statute under which appellant claims to have proven a defense. Subsection 1 thereof provides as a matter of public policy for the lawful use of firearms in defense of life, home, and property. Subsection 2 thereof sets forth that § 790.25 shall not authorize the carrying of a concealed weapon[5] without a permit, as prohibited by §§ 790.01-790.04.[6] Subsection 3 further sets forth that the licensing requirements and prohibitions of §§ 790.05 and 790.06 shall not apply to (n) a person possessing arms at his home or place of business. Subsection 4 next provides that this act shall be liberally construed.
Having set forth all applicable statutory provisions, it now becomes necessary to apply them to the facts in the case sub judice. Appellant was charged with violation of § 790.01(2), Florida Statutes, F.S.A. A defense to that charge is recognized by the statute, namely, if the person has a license issued by the county commissioners. See also Fla.Att'y Gen.Op. 072-161 (May 2, *319 1972). Under § 790.25(2) and (3) a person is not required to obtain a license in accordance with §§ 790.05 and 790.06, if that person comes within one of the fourteen enumerated exceptions of § 790.25(3). It is undisputed that appellant comes within the statutory exception provided by § 790.25(3)(n). Thus, appellant was not required to obtain a license from the county commissioners. It would certainly be anomalous to determine that a person who is expressly excepted from the licensing requirements of § 790.05 and § 790.06 may be prosecuted and convicted for failing to have said license.
Accordingly, to give § 790.25, Florida Statutes, F.S.A., the liberal construction expressly provided for, we conclude that that statute (§ 790.25) must be read in pari materia with §§ 790.01, 790.05 and 790.06. Under this construction then, the carrying of a concealed firearm in one's own home is not prohibited by § 790.01(2). Therefore, it was error for the trial court not to direct a judgment of acquittal for the defendant on count two of the information.
Turning now to count one of the information, we note the conviction thereunder to be a misdemeanor, and for the purpose of review jurisdiction lies in the Circuit Court of Orange County, Florida. Accordingly, the judgment and sentence entered on count two of the information is vacated and set aside, and the cause remanded to the trial court with instructions to discharge the defendant therefrom.
As to count one of the information, the cause is transferred to the Circuit Court of Orange County, Florida, for review.
Reversed and remanded, with instructions; and transferred.
WHITE, JOSEPH S., (Ret.), Associate Judge, concurs.
REED, C.J., dissents in part, concurs in part, with opinion.
REED, Chief Judge (dissenting in part; concurring in part).
I would affirm the conviction under Count 2. I believe the majority opinion, to the extent it holds that § 790.25(3)(n), F.S. 1969, F.S.A., authorizes one to carry a concealed firearm in his home, is erroneous. The most that can be said for § 790.25(3)(n) is that it authorizes the possession of a firearm in one's home or place of business, but not the concealment of a firearm on one's person. As a practical matter, the majority's opinion may well make more dangerous the already dangerous situation which confronts arresting officers when they are required to go to a person's home to effect an arrest.
I agree with the majority's treatment of Count 1.
NOTES
[1] See Florida Statutes § 790.25(3) (n) (1969), F.S.A.
[2] Section 790.001(6), Fla. Stat., F.S.A.
[3] Section 790.001(13), Fla. Stat., F.S.A.
[4] As amended by Fla.Laws 1971, ch. 71-136 § 740, a misdemeanor of the second degree.
[5] It is at this point that the distinction between firearms and weapons as specifically drawn by the legislature becomes critical to appellant.
[6] Sections 790.03 and 790.04, Florida Statutes, F.S.A., have been repealed by Florida Laws 1971, ch. 71-346 §§ 1, 2.