290 So.2d 75 (1974)
Lonnie B. FACION, Appellant,
v.
STATE of Florida, Appellee.
No. 72-669.
District Court of Appeal of Florida, Second District.
February 20, 1974.
Robert E. Jagger, Public Defender, and Richard M. Robbins, Asst. Public Defender, Clearwater, for appellant.
*76 Robert L. Shevin, Atty. Gen., Tallahassee, and David Luther Woodward, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
Appellant Lonnie B. Facion pleaded nolo contendere to a charge of carrying a concealed firearm, preserving his right to appeal the issue of his exception under F.S. § 790.25(3)(n) F.S.A.[1]
At the hearing on Facion's motion to change his plea of not guilty, the testimony of the arresting officer was taken. The officer testified that he responded to a call from a citizen complaining that a man had been firing a gun in the air in the vicinity of her house. The woman who reported the incident gave him a description of the man, known to her as Lonnie, and pointed out the apartment where he lived. The officer went to the apartment, was invited in by Lonnie's wife and told that Lonnie was not there. As he was leaving the apartment he saw a man who answered the description coming out of an alley around the apartment building about fifteen feet from the front door. When the man was approximately five feet from the door to his apartment, the officer stopped him and he stepped up from the sidewalk on a porchway which runs the length of the four-unit apartment building. The officer asked him if his name was Lonnie, and at the same time noticed a bulge in his right front pocket. The officer immediately patted him down, removed the weapon and placed him under arrest for carrying a concealed firearm in violation of F.S. § 790.01(2) F.S.A.
Facion contends that since he was arrested approximately five feet from the door to his rented apartment in an area in common on the leased premises, that he was "at his home" and came within the exception to the statute relating to unlawful carrying of concealed firearms.
Sub-section 3 of § 790.25 provides that the licensing requirements and prohibitions of F.S. §§ 790.05 and 790.06 F.S.A. shall not apply to (n) "A person possessing arms at his home or place of business."
In French v. State, Fla.App. 1973, 279 So.2d 317, the Fourth District Court of Appeal concluded that F.S. § 790.25 F.S.A. must be read in pari materia with F.S. §§ 790.01, 790.05 and 790.06 F.S.A., and under this construction the carrying of a concealed firearm in one's own home is not prohibited by F.S. § 790.01(2) F.S.A.
Facion was not in his own home, but was in a common area of the demised premises. If the Florida statute had exempted persons in their own homes or on their own premises, we would have no difficulty in holding that Facion did not come within the statutory exemption. See White v. United States, D.C.App. 1971, 283 A.2d 21; Wilson v. State, Tex.Cr.App. 1967, 418 S.W.2d 687; Clark v. State, 1887, 49 Ark. 174, 4 S.W. 658.
In this case, however, the officer first observed Facion, who answered the description of the man reported to have been firing a gun, walking on the public sidewalk about fifteen feet from his apartment. When the officer stopped him he stepped up on the apartment complex porchway. The officer and Facion were facing each other on the sidewalk and Facion was not out of the officer's sight from the time the officer first saw him. There would not have been an opportunity for Facion to pick up and conceal the firearm between that time and the time of the arrest. Under these circumstances, we hold that Facion has failed to bring himself within the statutory exemption. This does not mean, however, that we are holding that Facion was "at his *77 home" within the meaning of the statutory exemption at the place where he was actually arrested.
Affirmed.
MANN, C.J., and PIERCE, WILLIAM C., (Ret.), concur.
NOTES
[1] State v. Ashby, Fla. 1971, 245 So.2d 225; Chesebrough v. State, Fla. 1971, 255 So.2d 675; Andersen v. State, Fla. 1973, 274 So.2d 228.