SPECTOR, Acting Chief Judge.
Appellant was charged by a two-count information with assault with intent to commit murder in the first degree and unlawfully carrying a concealed firearm. Appellant pled guilty to the offense of carrying a concealed firearm and was sentenced to eighteen months imprisonment with appropriate credit for time served in the county jail awaiting trial. The more serious crime, assault with intent to commit murder in the first degree, which was charged in the first count was nolle prossed by the State in consideration of appellant’s guilty plea to the concealed firearm charge.
By this appeal, it is contended that the trial court erroneously accepted a guilty plea to the carrying a concealed firearm count inasmuch as the record reflects that the firearm in question was being carried in appellant’s own home. Appellant relies on French v. State, 279 So.2d 317 (Fla.App.1973), and Peoples v. State, 287 So.2d 63 (Fla.1973). In French, supra, the court held that it was not an offense to carry a concealed firearm in one’s own home. In Peoples, supra, the court held it was not an offense to carry a concealed firearm while seated upon a bench immediately outside one’s own place of business.
In the case at bar, the record indicates that appellant Russ committed the purportedly criminal conduct in his own home. It goes without question then that applying the principle of French v. State and Peoples v. State, referred to above, appellant’s conviction cannot stand and must be reversed.
We express no opinion, as the point is not now before us, as to the propriety of appellant being tried on the charge which was nolle prossed.
Reversed.
BOYER and McCORD, JJ., concur.