PER CURIAM.
Defendant appeals his conviction for carrying a concealed weapon in violation of § 790.01, Fla.Stat. after a non-jury trial.
Defendant urges as reversible error the determination by the trial judge that he does not come within the statutory exception to § 790.01, Fla.Stat. as set forth in § 790.25, Fla.Stat., i. e. the carrying of a concealed firearm in one’s home. See also French v. State, Fla.App. 1973, 279 So.2d 317.
Defendant testified that on the night in question, he heard someone attempting to break into his apartment and thereupon took a gun and went outside the building to a walkway. Satisfied that the burglars had fled, defendant remained on the walkway a few minutes and then started to return to his apartment when he was met by two City of Miami police officers who removed his gun and placed him under arrest. Defendant argues that at all times he had the gun in his right hand. The arresting officers testified that when they arrived on the scene, in response to a call with reference to a disturbance, a group of citizens indicated there was a person in the area with a firearm. Defendant was then pointed out to the officers who saw him at the corner of the apartment building going toward his apartment. Defendant drew a firearm from underneath his shirt and turned half way toward them. Upon seeing the officers had their firearms drawn defendant placed his weapon under his shirt, stepped up onto the walkway and started for his apartment which was 10 to 15 feet away.
Where there are conflicts in the evidence in a non-jury trial, it is within the province of the trial judge, sitting as the trier of the facts, to reject any testimony he finds to be untrue and rely upon that which he finds to be worthy of belief. Eizenman v. State, Fla.Apu.1961, 132 So.2d 763; Hoover v. State, Fla.App.1968, 212 So.2d 95.
The judge having concluded that the officers’ testimony was worthy of belief, we find that he was correct in determining that defendant did not come within the exception to § 790.01, Fla.Stat. See Facion v. State, Fla.App. 1974, 290 So.2d 75.
We also reviewed defendant’s other point on appeal and find it to be without merit. See Crum v. State, Fla.App.1965, 172 So.2d 24, 25; Wetherington v. State, Fla.App.1972, 263 So.2d 294.
Affirmed.