373 So.2d 708 (1979)
The STATE of Florida, Appellant,
v.
Anthony BRYANT, Appellee.
No. 78-1959.
District Court of Appeal of Florida, Third District.
July 31, 1979.
Janet Reno, State's Atty. and Milton Robbins, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Warren S. Schwartz, Asst. Public Defender and Eliot Gersten, Legal Intern, for appellee.
Before PEARSON, KEHOE and SCHWARTZ, JJ.
KEHOE, Judge.
Appellant, the prosecution below, brings this appeal from an order of the trial court *709 dismissing, pursuant to appellee's defendant below, motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), a two count information against appellee charging him with aggravated assault, and carrying a concealed weapon. We reverse.
In regard to the count of aggravated assault, we believe that the trial court erred by granting the motion to dismiss because there were justiciable issues of facts which, if construed most favorably to appellant, raised a prima facie case of guilt. The trial court may not either weigh the evidence or determine its creditability. See State v. Davis, 243 So.2d 587 (Fla. 1971); and Fla.R. Crim.P. 3.190.
In regard to the count of carrying a concealed weapon, under Section 790.01(2), Florida Statutes (1977), the trial court improperly relied upon Section 790.25(3)(1), Florida Statutes (1977), in granting the motion to dismiss. This latter Section pertains to an exception for carrying an unlicensed weapon and is not a defense to carrying a concealed weapon.
For the reasons set forth above, the order appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.