Honorable Henry Wade Criminal District Attorney Dallas County Government Center Dallas, Texas 75202
Re: Whether a person employed by a hospital district to provide security services may carry a handgun.
Dear Mr. Wade:
You have asked whether a deputy sheriff employed for security services by the Dallas County Hospital District outside of his normal working hours may carry handguns. Section 46.02 of the Penal Code makes it an offense for a person to intentionally, knowingly, or recklessly carry a handgun on or about his person. Section 46.03 of the Code, however, makes certain exceptions to that prohibition.
The provisions of Section 46.02 of this code do not apply to a person:
 (1) in the actual discharge of his official duties as a peace officer, a member of the armed forces or national guard, or a guard employed by a penal institution;
 (2) on his own premises or premises under his control unless he is an employee or agent of the owner of the premises and his primary responsibility is to act in the capacity of a private security guard to protect persons or property, in which event he must comply with Subdivision (5) of this section;
(3) traveling;
 (4) engaging in lawful hunting, fishing, or other sporting activity if the weapon is a type commonly used in the activity; or
 (5) who holds a security officer commission issued by the Texas Board of Private Investigators and Private Security Agencies, if:
 (A) he is engaged in the performance of his duties as a security officer or is traveling to and from his place of assignment;
(B) he is wearing a distinctive uniform; and
(C) the weapon is in plain view.
A deputy sheriff employed by the hospital district for security services must by the nature of such assignment have the premises under his control and he is therefore permitted to carry a handgun under subsection (2) above. Evers v. State, 576 S.W.2d 46
(Tex.Crim.App. 1978); Attorney General Opinions H-549 (1975) (security personnel of port authority may carry handguns while on duty and on the premises); H-185 (1973) (construing `premises under his control'); Cf. Flores v. State, 486 S.W.2d 577
(Tex.Crim.App. 1972) (employee of lounge may carry handgun); See Roy v. State, 552 S.W.2d 827 (Tex.Crim.App. 1977) (motor vehicle does not constitute `premises'). In order to qualify under subsection (2) he is required to comply with subsection (5) which, inter alia, requires individuals to hold a security officer commission. V.T.C.S. article 4413(29bb), section 3(a)(3), however, exempts individual peace officers from being licensed under that act. It exempts:
 a person who has full-time employment as a peace officer as defined by Article 2.12, Code of Criminal Procedure, 1965, who receives compensation for private employment on an individual or an independent contractor basis as a patrolman, guard, or watchman if such person is:
(a) employed in an employee-employer relationship; or
(b) employed on an individual contractual basis;
(c) not in the employ of another peace officer; and
(d) not a reserve peace officer.
 SUMMARY
A deputy sheriff may carry a handgun while on duty pursuant to employment by a county hospital district for security services.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by David B. Brooks Assistant Attorney General