DANIEL S. PEARSON, Judge.
The defendants, preserving the right to appeal the denial of their sworn motions to dismiss the charges against them, entered nolo contendere pleas to separate charges of carrying a concealed firearm in violation of Section 790.01(2), Florida Statutes (1983). They appeal from orders withholding adjudication of guilt and placing them on probation. We affirm as to Cockin and reverse as to Black.
The weapons, indisputably concealed, were found during a search of the persons of Black and Cockin in a motel room in which Black, according to his sworn motion, was residing, and in which Cockin, according to his sworn motion, “was inside ... with the consent of Kevin Black as well as other occupants of the room, all of whom had no objection to [Cockin] being in said room as a co-occupant thereof.” [1] The State filed demurrers to the motions, but did not challenge the facts stated in the motions by a traverse. The trial court denied the motions on the ground that neither Black nor Cockin was a person “possessing arms at his home ...” so as to insulate them under Section 790.25(3)(n), Florida Statutes (1983), from prosecution for carrying concealed weapons. See Facion v. State, 290 So.2d 75 (Fla. 2d DCA 1974) (Section 790.25(3)(n), which makes it lawful for a person to possess firearms at his home and expressly makes the licensing provisions of Sections 790.05 and 790.06 inapplicable to such a person, must be read *191 in pari materia with Section 790.01 and, thus read, makes it lawful for a person to carry a concealed firearm in his own home); French v. State, 279 So.2d 317 (Fla. 4th DCA 1973) (same). But cf. State v. Bryant, 373 So.2d 708, 709 (Fla. 3d DCA 1979) (Section 790.25(3)(l) not defense to carrying a concealed weapon).
Cockin’s sworn statement, albeit unchallenged, that he was in the motel room with Black’s permission, says no more than that Cockin was lawfully on the premises in Black’s motel room and does not protect Cockin from being prosecuted for carrying a concealed firearm in the room. On the other hand, Black’s unchallenged statement that he was residing in the motel room in our view makes the motel room the functional equivalent of Black’s home within the meaning of Section 790.25(3)(n), Florida Statutes (1983). See Brant v. State, 349 So.2d 674 (Fla. 3d DCA 1977) (implicitly recognizing that motel room is a home within Section 790.25(3)(n)). Cf. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964) (motel room is home for Fourth Amendment purposes); Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974), aff'd, 329 So.2d 270 (Fla.1976) (same).
The State says, however, that Section 790.25(3)(n) does not apply to a person who carries a concealed firearm even at his home if his purpose be the furthering of some unlawful activity, here said to be a narcotics transaction. While Section 790.-25(2)(b)l expressly provides that the protections of Section 790.25 do not apply, inter alia, to persons who carry concealed firearms in violation of Section 790.07(2), it seems clear that in order for the State to prevail in its contention that persons carrying concealed firearms at their homes lose the protection of Section 790.25(3)(n) by virtue of having violated Section 790.07(2), such persons must first have been found guilty of carrying the concealed firearm “while committing or attempting to commit any felony o'r while under indictment.” See § 790.07(2), Fla.Stat. (1983). In the present cases, the defendants were never charged under Section 790.07, much less shown to be guilty of an offense thereunder.
Accordingly, the order under review in Cockin v. State, Case No. 84-29, is affirmed; the order under review in Black v. State, Case No. 84-51, is reversed.

. The State’s contention that the motions were not properly verified was not raised below and will not be considered by us.