W. SHARP, Judge.
The state appeals from the trial court’s order dismissing the information filed on September 7, 1990, against Paulk, which charged him with carrying a concealed weapon in violation of section 790.01. Based on affidavits not controverted by the state, Paulk was present at another person’s residence when police officers served a search warrant. They found a handgun on the floor beneath the place on a couch where Paulk had been sitting, and an empty gun holster on his person. There was no allegation in the information or elsewhere that Paulk was a trespasser, or otherwise unlawfully in the dwelling. We reverse.
This case involves a very narrow legal question: can an otherwise unlicensed person lawfully carry a concealed weapon in another person’s dwelling or residence? The trial court ruled that section 790.-25(3)(n) permits a person lawfully on the premises of another’s residence to carry a concealed weapon. It provides:
(3) Lawful Uses. — The provisions of ss. 790.53 and 790.06 do not apply in the following instances, and, despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
* * * * * *
(n) A person possessing arms at his home or place of business.
It appears to us that the exemption from 790.053 and 790.06 created by 790.25(3)(n) is specifically limited to that person’s own home or place of business. The provision “his” used by the Legislature must be given its ordinary meaning. Hamblen v. State, 527 So.2d 800, 805 (Fla.1988); Rogers v. State, 511 So.2d 526, 533 (Fla.1987), cert. denied, 484 U.S. 1020, 108 S.Ct. 733, 98 L.Ed.2d 681 (1988); Neal v. Bryant, 149 So.2d 529 (Fla.1962). It clearly means “hers” as well as “his”; but it cannot also be stretched to mean “anyone else’s” residence or place of business so long as one is a guest or invitee. That would so broaden the exemption as to, in effect, swallow the criminal statute.
REVERSED and REMANDED.
GOSHORN, C.J., and DAUKSCH, J., concur.