SCHWARTZ, Chief Judge.
The state appeals from an order granting a Rule 3.190(c)(4) sworn motion to dismiss an information for carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (1989),[1] based on the un-traversed showing
that on June 14, 1990, he was inside his place of business, Zhara Supermarket, where he is employed as a grocer, when the police observed a bulge on the Defendant, searched the Defendant, and arrested him for carrying a concealed firearm.
The trial court concluded that the statute did not apply to the appellant because of the exception contained in section 790.- *318 25(3)(n), Florida Statutes (1989),[2] which insulates a person “possessing arms at his ... place of business.” We affirm.
This result is mandated by our decision in Cockin v. State, 453 So.2d 189 (Fla. 3d DCA 1984), in which we held that section 790.25(3)(n) must be read in pari materia with section 790.01(2) and, thus read, makes it lawful for a person to carry a concealed firearm in his home. Accord Facion v. State, 290 So.2d 75 (Fla. 2d DCA 1974); French v. State, 279 So.2d 317 (Fla. 4th DCA 1973). But cf. State v. Bryant, 373 So.2d 708, 709 (Fla. 3d DCA 1979) (§ 790.25(3)(Z) no defense to carrying a concealed weapon). The same holding obviously applies to the other exception in § 790.25(3)(n), which applies to the defendant’s “place of business.”
Moreover, this language is not, as the state contends, confined to a place of business owned by the defendant himself. To the contrary, it includes, as in this case, premises where the individual is employed by another. Idelett v. State, 14 Ga.App. 501, 502, 81 S.E. 379, 380 (1914) (“Certainly it cannot be contended that, even though one is a mere farm laborer, he should be left defenseless (at the place of business where he is compelled to work) against an unlawful and felonious attack which he might have good reason to apprehend, unless he sees proper, and likewise has the opportunity, to obtain a license to carry his pistol, and yet the more favored landowner not be subjected to such a requirement.”); Miller v. State, 12 Ga.App. 479, 77 S.E. 653 (1913); Poston v. State, 132 Tex.Crim. 317, 104 S.W.2d 516 (Tex.Crim.App.1937). See generally Peoples v. State, 287 So.2d 63 (Fla.1973).
Finally, the appellant claims that one is protected from criminal responsibility under these circumstances only if he obtains the permission of his employer to carry a concealed gun. There is no statutory authority for such a requirement and we have no power to create one ourselves. See Jones v. State, 589 So.2d 1001 (Fla. 3d DCA 1991).
Affirmed.

. 790.01 Carrying concealed weapons.—
******
(2) Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. 790.25 Lawful ownership, possession, and use of firearms and other weapons.—
******
(3) LAWFUL USES — The provisions of ss. 790.053 and 790.06 do not apply in the following instances, and despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
******
(n) A person possessing arms at his home or place of business.