999 So.2d 1093 (2009)
Allie BROOK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-3030.
District Court of Appeal of Florida, Fifth District.
January 9, 2009.
*1094 James S. Purdy, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, R., Senior Judge.
The defendant appeals from his conviction and sentence for carrying a concealed firearm after he pled nolo contendere.
The sole point on appeal concerns whether the trial court erred in denying the defendant's motion to dismiss which was predicated on the fact that the defendant is an employee of the business premises on which he was found in possession of the concealed firearm. The defendant argued unsuccessfully below that subsection 790.25(3)(n), Florida Statutes, permits a person to possess a firearm in certain specific locations, including his or her place of business. The issue on appeal is a question of law and review is de novo. See State v. Walthour, 876 So.2d 594 (Fla. 5th DCA 2004).
Police officers entered a business after smelling cannabis emanating from the business. Several men, including the defendant, were observed playing cards, with cannabis on the table. The defendant was found in possession of a concealed firearm. He was charged by information with carrying a concealed firearm in violation of section 790.01(2), Florida Statutes (2006). The defense filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), averring the material facts established that the defendant was present at a closed business playing cards when the arresting officer entered and seized the handgun from under his shirt.
The defendant orally amended his motion to reflect that he was an employee of the business where the incident took place. The State did not challenge this contention which comported with the police report. The State did note that the incident occurred at 9:00 p.m. when no lawful business was being conducted on the premises.
The trial court denied the motion, explaining that the exemption relied upon by the defendant does not apply to persons having a concealed weapon at another person's place of business. The trial court relied upon State v. Paulk, 588 So.2d 60 (Fla. 5th DCA 1991) which rejected a claim that the exemption encompassed a person's possession of a concealed firearm in another person's residence.
The defendant entered a negotiated plea of nolo contendere to the charge of possession of a concealed firearm, reserving his right to appeal the denial of the dispositive motion to dismiss.
The recent United States Supreme Court decision of District of Columbia v. Heller, ___ U.S. ___, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), held that a ban on handgun possession in the home violates the Second Amendment. The instant case involves possession of a concealed firearm at a place of business.
Article I, section 8(a) of the Florida Constitution, consistent with the Second Amendment to the United States Constitution, *1095 provides that the right of the people to keep and bear arms in defense of themselves and of the lawful authority of the State shall not be infringed, except that the manner of bearing arms may be regulated by law.
Weapons and firearms are regulated by Chapter 790, Florida Statutes (2006). Section 790.01(2), Florida Statutes, provides that "A person who carries a concealed firearm on or about his or her person commits a felony of the third degree...." Section 790.25, Florida Statutes, entitled "Lawful ownership, possession, and use of firearms and other weapons" enunciates at subsection (1) the following Declaration of Policy:
The Legislature finds as a matter of public policy and fact that it is necessary to promote firearms safety and to curb and prevent the use of firearms and other weapons in crime and by incompetent persons without prohibiting the lawful use in defense of life, home, and property, and the use by United States or state military organizations, and as otherwise now authorized by law, including the right to use and own firearms for target practice and marksmanship on target practice ranges or other lawful places, and lawful hunting and other lawful purposes.
Subsection (2)(a) then provides "Uses not authorized:"
This section does not authorize carrying a concealed weapon without a permit, as prohibited by §§ 790.01 and 790.02.
Subsection (3) entitled "Lawful Uses" continues:
LAWFUL USES.  The provisions of ss. 790.053 and 790.06 do not apply in the following instances, and, despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
(a) Members of the Militia, National Guard, ... when on duty, when training ...;
(b) Citizens of this state subject to duty in the Armed Forces ... when on duty or when training ...;
(c) Persons carrying out or training for emergency management duties under chapter 252;
(d) Sheriffs, marshals, prison or jail wardens, police offices, Florida highway patrol officers, game wardens ...,
....
(n) A person possessing arms at his or her home or place of business.
The defendant argues that the exemption contained in subsection (3)(n) making it lawful for a person "to own, possess, and lawfully use firearms ... for lawful purposes" in his "place of business" rendered the conduct charged in the information non-criminal. The State initially counters that subsection (3)(n) does not "decriminalize" carrying a concealed weapon in one's home or place of business. Alternatively, the State contends that subsection (3)(n) must be read to require that the individual have a possessory or proprietary interest in the business which he or she is protecting or that the business at the very least be open.
In Peoples v. State, 287 So.2d 63 (Fla. 1973), the Florida Supreme Court held, despite the language of subsection 790.25(2)(a), that "Subsection (3)(n) of Section 790.25 specifically exempts `a person possessing arms at his home or place of business' from the prohibitions of Section 790.01 and the registration requirements of Section 790.05 and 790.06." 287 So.2d at 66. The facts in Peoples established that the defendant, an employee of Lane's Grocery Store who also resided on the store premises, carried a concealed gun to protect the store and observed and pursued two men on the premises whom he *1096 believed were attempting to commit a felony. The two perpetrators escaped but when the police arrived the defendant was arrested and charged with carrying a concealed firearm in violation of section 790.01, Florida Statutes.
The supreme court reversed the defendant's conviction under the exemption contained in subsection 790.25(3)(n). In concluding that subsection (3)(n) exempted a person from the prohibition on carrying a concealed weapon contained in section 790.01, the court explained:
If we upheld the lower court's verdict, we would be saying that a person, in defense of his home or place of business, is not permitted to conceal his possession of a firearm. This would mean that:
1). An owner of a business, or his employee, could not carry a concealed weapon on or about his person (i.e., on his person, or in a drawer next to the cash register). He would either have to risk a loss of business by offending customers, or give up his only means of self-defense.
2). A homeowner would have to either carry his weapon in his hand or outside holster, or leave said weapon where it would be useless (as in a locked drawer and/or in plain sight).
The Legislature could not have intended a result so inconsistent with its Declaration of Policy in Section 790.25(1), the Exceptions to said Section in Section 790.25(3)(n), and the Construction in Section 790.25(4). We must, therefore, reverse the verdict of the trial court and find that defendant not guilty of a violation of Florida Statute 790.01, F.S.A.
287 So.2d at 67.
Peoples applied the exemption to concealed weapons, thus rejecting the State's initial contention in this appeal.
The State argues its claim that the exemption does not apply to concealed weapons is buttressed by a 1982 amendment to section 790.25 creating subsection (5), which specifically provides that it applies notwithstanding subsection (2) and it is not a violation of section 790.01 to possess a concealed weapon in a conveyance within the parameters set forth in that subsection. The State argues that had the legislature intended for other exceptions in subsection (3) to apply to 790.01, it would have included similar language so stating. However, if the legislature agreed with the Florida Supreme Court's 1973 interpretation in Peoples, it would have deemed such additional amendment unnecessary.
In State v. Commons, 592 So.2d 317 (Fla. 3d DCA 1991), the Third District affirmed a(c)(4) dismissal order in holding that the defendant, employed as a grocer at a supermarket, did not violate section 790.01 by carrying a concealed firearm on his person while at the supermarket. In doing so, the appellate court relied on Peoples. The appellate court rejected the State's claim that subsection (3)(n) was confined to a place of business owned by the defendant himself or that the defendant was protected from criminal responsibility under the circumstances only if he had permission from his employer to carry a concealed firearm. 592 So.2d at 318. The Third District noted that no such requirement existed in the statute and that the court lacked the authority to engraft such requirement onto the statute. Id.
The State correctly notes that neither the supreme court in Peoples nor the Third District in Commons explicitly addressed by what legislative enactment the exemption set forth in subsection 790.25(3)(n) applied to concealed firearms as governed by section 790.01. Nevertheless, both decisions so hold and in the 35 years since Peoples was decided, the language *1097 of subsection 790.25(3)(n) has remained substantially unchanged.
The Third District in Commons held that the "place of business" language includes premises where the individual is employed by another. See also Idelett v. State, 14 Ga.App. 501, 81 S.E. 379 (1914), Poston v. State, 132 Tex.Crim. 317, 104 S.W.2d 516 (Tx.Crim.App.1937). At least one other court has held that such language, because it is typically lumped together as a person's "home or place of business" contemplates that the individual have a possessory or proprietary interest in the business premises at issue. See State v. Vickers, 260 Conn. 219, 796 A.2d 502 (2002).
State v. Paulk, 588 So.2d 60 (Fla. 5th DCA 1991) dealt with the "his or her home" aspect of the exemption. In that decision, relied upon by the trial court, the defendant was present at another person's residence when police officers served a search warrant. A handgun was discovered beneath the place on the couch where the defendant had been sitting and an empty gun holster was found on his person. The trial court ruled that the exemption found in subsection 790.25(3)(n) decriminalized such conduct. This Court reversed, holding that the exemption is limited to a person's possession of arms at his or her own home and that an unlicensed person violates the concealed firearm statute by carrying a concealed weapon in another person's home.
The Paulk decision did not involve the "place of business" language. Paulk does not address whether a person must have a possessory or proprietary interest in the "place of business" in order to avail himself of that portion of the exemption contained in subsection (3)(n).
We agree with our sister court in Commons that the "place of business" language of subsection (3)(n) is simple and straight-forward. Courts must give statutory language its plain and ordinary meaning and cannot add words which were not placed there by the Legislature. Exposito v. State, 891 So.2d 525 (Fla.2004). When a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain such intent. Cherry v. State, 959 So.2d 702, 713 (Fla.2007). Alternatively, in considering criminal statutes, the rule of lenity contained in section 775.021(1), Florida Statutes, requires that any ambiguity or situation in which statutory language is susceptible to differing constructions must be resolved in favor of the person charged with an offense. Kasischke v. State, 991 So.2d 803 (Fla.2008).
We emphasize that this is not a case where there is evidence that the defendant carried the firearm in contravention of his employer's express policy or directive. We express no opinion on that hypothetical situation.
We are bound by the clear wording of the statute. The defendant's conduct fell within the ambit of the exemption contained in subsection 790.25(3)(n) and accordingly, the motion to dismiss should have been granted. We reverse and remand for entry of an order of discharge.
REVERSED and REMANDED.
TORPY and LAWSON, JJ., concur.