PER CURIAM.
. The question to be decided here is whether the complaint of the plaintiff-appellant, Local 806 of the American Federation of Musicians, suffices for declaratory and in-junctive relief under its allegations asserting that it is not a business required, as such, to pay occupational license tax to the defendant-appellee, City of West Palm Beach. The chancellor dismissed the complaint, granting 10 days leave in which to further plead and stating that, in the event plaintiff did -not do so within that time, the action would stand dismissed with-prejudice. Upon declination of Local 806, the court translated the order of dismissal into final decree, from which this appeal en-| sued.
*135 By its complaint, Local 806 alleges that the action was brought in its name under and by virtue of section 447.11, Florida Statutes Annotated, and that plaintiff is composed of musicians, either active or inactive, who meet at regular times for discussion of their personal affairs and other matters regarding the betterment of relations between musicians and the general public. It is averred that such meetings are held at a named address in West Palm Beach, that the plaintiff is not engaged in business for profit, that it manufactures or sells no product, commodity, or service. These . allegations are the only ones presented by plaintiff for its assertion that it is not engaged in business so as to bring it within the purview of the license ordinance.
It is then complained that the city had levied against Local 806 a license tax of $35 and had notified it that unless this sum was paid on or before a given date, a 25 percent penalty would be added. The complaint goes on to quote in part section 27.15 of the licensing ordinance stating that it shall be unlawful for any person to engage in any business within the city without a license “ ‘ * * * or imprisoned in the City Jail for a period not to exceed five days * * ” for which plaintiff says that, through its refusal to pay the license tax, it is subject to prosecution and imprisonment of each of its members. Finally, the blanket, conclusory statement is made that the attempt to levy and collect a license tax against plaintiff, in view of the fact that it is not engaged in any business subject to it, is in conflict with the provisions of the Wagner Act or the National Labor Relations Act, 25 U.S.C.A.,[1] section 151; is in conflict with the provisions of the Constitution of the United States relating to freedom of speech and assembly; and is in other respects an unlawful and unconstitutional execution of a power or authority not vested in the city. The foregoing comprises .substantially the allegations of the complaint upon which plaintiff premises its right to relief.
The prayer is for a declaratory decree as to the existence of the immunity, privilege, or right of plaintiff to be exempt from payment of a license tax as being in direct conflict with the National Labor Relations Act and plaintiff’s rights guaranteed under the Constitutions of the United States and the State of Florida, with the further prayer that the court in such decree declare that the defendant is not endowed with such power and that its acts set forth were without power or authority and therefore null and void. Plaintiff then prays that defendant be enjoined and restrained from levying, collecting, or attempting to levy and collect a license tax against Local 806.
Section 27.3 of the occupational license chapter of the defendant city’s code, 1957, defines “business” as being meant to include “all kinds of vocations, occupations, professions, enterprises, establishments, and all other kinds of activities and matters, together with all devices, machines, vehicles and appurtenances used therein, any of which are conducted for private profit or benefit either directly or indirectly.” Section 27.4.1(a) directs the tax collector to issue special permits without the payment of any license fee or other charges therefor to “any person or organization for the conduct or operation of a nonprofit enterprise, either regularly or temporarily, when he finds that the applicant operates without private profit, for a public, charitable, educational, literary, fraternal or religious purpose.”
The chancellor, in his order of dismissal, found in part as follows:
“ * * * the question of law involved herein has been settled by previous decisions of the Courts of this State, as well as Federal Courts and, therefore, a declaration of rights is obviated. However, in that Injunctive Relief is sought, the Court will consider the matter for the determination of such relief. It is pointed out that the Stat *136 ute recited in the complaint, under which the complaint is brought, to-wit: F.S. 447.11 recognizes organizations such as the plaintiff herein as a legal entity, with the right to sue or be sued; further, said Chapter 447 defines some of the business activities of such organizations, and thus the law of Florida recognizes the legal and business responsibilities and activities of labor organizations such as that of the plaintiff herein.”
The chancellor then found that plaintiff was not entitled to injunctive relief.
Section 447.01, Florida Statutes, F.S.A., in the chapter titled “Labor Organizations,” prescribes the state policy to regulate, to the extent thereafter set forth, the activities and affairs of labor unions, their officers, agents, organizers, and other representatives and states that the activities of such organizations affect the economic conditions of the country and state, entering as they do into practically every business and industrial enterprise. A “labor organization” is defined in section 447.02(1) within the meaning of the chapter as “any organization of employees, local or subdivision thereof having within its membership residents of the State of Florida, whether incorporated or not, organized for the purpose of dealing with employers concerning hours of employment, rate of pay, working conditions or grievances of any kind relating to employment.” Looking through the chapter in its entirety, the business aspect of labor unions is clearly discernible. Among other things, there are state registration and licensing requirements of labor unions and their business agents (447.06 and 447.04, respectively,) and the provision that unions keep records and accounts itemizing all receipts and expenditures (447.07). Section 447.11, under which this action is brought, provides that a labor union may maintain any action or suit in its commonly used name in the same manner and to the same extent as any corporation authorized to do business in this state.
Labor unions commonly act through their “business agents.” 20 Fla.Jur., section 27, page 248. As to judicial attitudes toward labor unions as businesses, our supreme court in Hill v. State ex rel. Watson, 1944, 155 Fla. 245, 19 So.2d 857, 860, reversed on other grounds in Hill v. State of Florida ex rel. Watson, 1945, 325 U.S. 538, 65 S.Ct. 1373, 89 L.Ed. 1782; 1945, 326 U.S. 804, 66 S.Ct. 11, 90 L.Ed. 89, said, “Labor unions, like other trade, professional and business organizations, are concerned with the business of making a living. They do not bother themselves with the things that concern religious bodies, chambers of commerce and like institutions.” In Standard Accident Insurance Co. v. Hoage, 1933, 62 App.D.C. 245, 66 F.2d 275, 277, the court, commenting upon the purposes of labor unions which it said in some cases had been characterized as generally social and not commercial, stated, “ * * * but it is well within common knowledge that labor unions in general perform an active and important function in the carrying on of many trades and occupations. It is no stretch of language therefore to say that such an organization is essentially a business organization.”
We agree that the complaint of Local 806 does not justify issuance of the relief sought. The gist of the allegations is that there is a conflict with the National Labor Relations Act and with plaintiff’s rights relating to freedom of speech and assembly, assertedly because the union is not engaged in any business requiring payment of the license tax. Absent from Local 806’s complaint is any averment which, if proved, could serve to show that the union’s activities are such as to require exemption because those activities affect interstate commerce or the free flow of commerce or that the employments pursued by its members are embraced by the National Labor Relations Act. There is no averment of any act of the city directed to Local 806 showing an abridgment of the rights of free speech and assembly. As to the phase of the ordinance relating to im *137 prisonment, there is nothing whatever alleged 'of any arrest, charge, or prosecution or any threat pf the same made by the city against plaintiff or any of its representatives or members. There is no claim of discrimination or arbitrariness. Rather, the ordinance, which is not regulatory but only for revenue, is one which is commonly applied by municipalities to businesses, professions, and occupations and is broad and comprehensive in its scope. Aside from the above, plaintiff does not allege as reason for its claimed right to exemption that it is entitled to it under the city’s section 27.4.1 (a), heretofore quoted in part, authorizing special permits to nonprofit enterprises. We need not here determine what allegations of fact might have sufficed.
From the foregoing, it is clear that the chancellor’s dismissal of the action upon plaintiff’s refusal to further plead, under the circumstances alleged upon which the complaint is premised, was proper.
Affirmed.
SHANNON, Acting C. J., and ANDREWS and KANNER, (RET.), JJ., •concur.

. Apparently, this should be 29 U.S.C.A.