732 So.2d 44 (1999)
Cleomene ALEXANDRE and Edner Francois, Appellants/Cross-Appellees,
v.
Staci Lee MEYER, Appellee/Cross-Appellant.
No. 98-2866.
District Court of Appeal of Florida, Fourth District.
May 5, 1999.
*45 John W. Weihmuller and Robert C. Weill of Butler, Burnett & Pappas, Tampa, for appellants/cross-appellees.
Richard A. Kupfer of Richard A. Kupfer, P.A., and Lawrence Chandler, West Palm Beach, for appellee/cross-appellant.
KLEIN, J.
Defendants appeal an award of attorney's fees to plaintiff resulting from their rejection of plaintiffs demand for judgment made pursuant to section 768.79, Florida Statutes (1995). We affirm.
Shortly after the accident underlying this lawsuit, plaintiffs counsel offered to settle for the $10,000 limits of the defendants' insurance policy. When the insurer rejected that offer, plaintiff filed suit, and later served a demand for judgment pursuant to section 768.79, for $76,000. The demand was not accepted, and the jury returned a verdict in favor of plaintiff for $215,000, finding the plaintiff to be ten percent comparatively negligent, resulting in a net judgment for plaintiff in the amount of $183,500. The trial court awarded plaintiff attorney's fees, and defendants appeal.
Defendants argue that plaintiffs demand for judgment in the amount of $76,000 was not made in good faith because plaintiff knew the defendants' policy limits were $10,000, and therefore her demand could not result in a settlement. We disagree.
Section 768.79 does not require either ability to pay or payment in order to accept a demand for judgment. Defendants could have agreed to plaintiffs demand for judgment even if they did not have the ability to pay. The court would then have had the authority, under section 768.79(4), to "enforce the settlement agreement," presumably by entering a judgment. Plaintiffs demand, therefore, could have produced a settlement, and defendants' argument is without merit.
Our standard of review on whether the demand is in good faith is abuse of discretion. § 768.79(7)(a). We find no abuse here and affirm.
WARNER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.