WARNER, J.
In this appeal from his conviction for carrying a concealed weapon, appellant, Ivan Santiago, contends that the trial court erred when, in answering a jury question, it informed the jury that carrying a concealed weapon in one’s residence violated the concealed weapons law. To the contrary, the concealed weapons law does not apply to weapons in the home. We reverse.
An undercover police officer went to a residence in Palm Beach County to purchase cocaine from Santiago. During the transaction Santiago pulled a firearm from his pocket and displayed it. The undercover officer completed the transaction and left. Two weeks later the officer and other officers went to the house to execute a search warrant. Santiago was present at the residence, and the officer recognized him. A gun was recovered in a search of the residence and appeared to be the same weapon which Santiago had earlier displayed.
Santiago was subsequently charged with: 1) trafficking in cocaine in an amount of 28 grams but less than 200 grams; 2) sale of cocaine while armed; 3) carrying a concealed firearm[1]; and 4) possession of a firearm by a minor. This appeal concerns only the concealed weapons charge which was tried before a jury.
In charging the jury the judge read the following instruction:
Count 2, carrying a concealed firearm. To prove the crime of carrying a concealed firearm, the State must prove the following two elements beyond a reasonable doubt.
One, Ivan Santiago knowingly carried on or about his person a firearm.
And two, the firearm was concealed from the ordinary site [sic] of another person.
Thereafter the jury sent out a question: “Does ‘concealed’ apply to a person in his own residence?” The state asked the judge to re-read the instructions. The judge indicated that he was inclined to say that the answer was, ‘Tes, the law precludes somebody from walking around in their home with a concealed weapon when there’s other company in the home, concealed from the ordinary sight of another.” Defense counsel maintained the same position as the state. The court effectively overruled the objection and instructed the jury:
*876 Yes, concealed does apply. So, it is . illegal for a person to walk around in their own home with a concealed weapon or . firearm in the presence of other people, in the presence of other people.
The jury subsequently returned a guilty verdict for carrying a concealed firearm. Santiago was sentenced to ten-year terms of imprisonment and now appeals his conviction.
The sole issue Santiago raises on appeal is whether the trial court committed error in instructing the jury that carrying a concealed weapon in one’s home in the presence of other people is illegal. Whether a jury instruction was legally adequate is a question of law subject to de novo review. State v. Glatzmayer, 789 So.2d 297 (Fla.2001). Whether it is legal for a person to carry a concealed firearm in certain specific locations is a question of law subject to de novo review. See Brook v. State, 999 So.2d 1093 (Fla. 5th DCA 2009).
Section 790.01(3) prohibits a person from carrying a concealed firearm, except when licensed. However, section 790.25 permits the lawful possession of a firearm in one’s residence. Specifically, the statute states:
790.25 Lawful ownership,, possession, and use of firearms and other weapons.—
(1) DECLARATION OF POLICY.— The Legislature finds' as a matter of public policy and fact that it is necessary to promote firearms safety and to curb and prevent the use of firearms and other weapons in crime and by incompetent persons without prohibiting the lawful use in defense of life, home, and property ...
[[Image here]]
(3) LAWFUL USES. — The provisions of ss. 790.053 and 790.06 do not apply in the following instances, and, despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
[[Image here]]
(n) A person possessing arms at his or her home or place of business[.]
Section 790.053 prohibits the open carrying of firearms, and section 790.06 provides the requirements to obtain a license for carrying a concealed weapon or firearm.
Our supreme court addressed the issue in this case in Peoples v. State, 287 So.2d 63 (Fla.1973), where a defendant was tried and convicted for carrying a concealed firearm when police encountered him sitting on a bench in front of the business where he worked and resided. The defendant had chased two people whom he had seen removing property from the premises and was awaiting the arrival of police. The supreme court specifically rejected the argument that a person was not permitted to conceal his possession of a firearm in his own home:
If we upheld the lower court’s verdict, we would be saying that a person, in defense of his home or place of business, is not permitted to conceal his possession of a firearm. This would mean that:
1). An owner of a business, or his employee, could not carry a concealed weapon on or about his person (I.e., on his person, or in a drawer next to the cash register). He would either have to risk a loss of business by offending customers, or give up his only means of self-defense.
2). A homeowner would have to either carry his weapon in his hand or outside holster, or leave said weapon where it would be useless (as in a locked drawer and/or in plain sight).
*877 The Legislature could not have intended a result so inconsistent with its Declaration of Policy in Section 790.25(1), the Exceptions to said Section in Section 790.25(3)(n), and the Construction in Section 790.25(4). We must, therefore, reverse the verdict of the trial court and find that defendant not guilty of a violation of Florida Statute 790.01, F.S.A.
Peoples, 287 So.2d at 67. As noted in Brook, 999 So.2d at 1096, in the nearly forty years since the supreme court adopted this construction of the statute, the Legislature has not deemed it necessary to contradict this clear holding.
The trial court gave the jury an incorrect statement of law, over the objection of both the state and the defense. We reverse and remand for a new trial.[2]
MAY, C.J., and GROSS, J., concur.

. A violation of 790.01(2), which provides: "A person who carries a concealed firearm on or about his or her person commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.”

. The appellant did not request remand for entry of a judgment of acquittal and discharge because the evidence is not conclusive that the house where the transaction occurred was in fact appellant's residence. We agree that because of this factual issue, a new trial is the appropriate remedy.