CIKLIN, J.
The state appeals the trial court’s order granting Little’s motion to dismiss the charge of carrying a concealed weapon. The trial court found that Little’s union hall fell within the “place of business” exception under section 790.25(3)(n), Florida Statutes (2010). On appeal, the state argues that a labor union hall cannot constitute a person’s “place of business” under the exception. We disagree and affirm the dismissal of the charge.
On June 16, 2011, police received information that an unidentified male was carrying a firearm in a union hall parking lot. When the police arrived, the police observed Little carrying a firearm in the waistband under his shirt. Little did not have a permit to carry a concealed weapon. The police arrested Little, and the state charged him with carrying a concealed weapon in violation of section 790.01(2), Florida Statutes (2010).
Little filed a motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). Little alleged that the arrest occurred in the parking lot of his union hall facility, and that the parking lot was not open to the public. The motion and an attached affidavit further alleged that at the time of the arrest Little was an elected financial secretary for his union and was responsible for providing security in the union hall and its parking lot, dispatching labor, patrolling the docks, safekeeping union money, and serving as the union’s business agent.[1]
In his motion to dismiss, Little argued that he could not be convicted of carrying a concealed weapon because he fell within an exception under section 790.25(3)(n). The state did not traverse Little’s motion. After a hearing, the trial court granted Little’s motion to dismiss.
On appeal, the sole issue raised by the state is whether a union hall may constitute a person’s place of business. “Whether it is legal for a person to carry a concealed firearm in certain specific locations is a question of law subject to de novo review.” Santiago v. State, 77 So.3d 874, 876 (Fla. 4th DCA 2012) (citing Brook *1265 v. State, 999 So.2d 1093 (Fla. 5th DCA 2009)).
This court recently discussed the interplay between section 790.01 and section 790.25 in Santiago, and we repeat the relevant analysis here. Section 790.01 prohibits a person from carrying a concealed firearm, except when licensed. Section 790.25(3)(n), however, permits the lawful possession of a firearm in one’s place of business. Section 790.25 provides:
(1) DECLARATION OF POLICY.— The Legislature finds as a matter of public policy and fact that it is necessary to promote firearms safety and to curb and prevent the use of firearms and other weapons in crime and by incompetent persons without prohibiting the lawful use in defense of life, home, and property....
* * *
(3) LAWFUL USES. — The provisions of ss. 790.053 and 790.06 do not apply in the following instances, and, despite such sections, it is lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes:
[[Image here]]
(n) A person possessing arms at his or her home or place of business!.]
[[Image here]]
(4) CONSTRUCTION. — This act shall be liberally construed to carry out the declaration of policy herein and in favor of the constitutional right to keep and bear arms for lawful purposes. This act is supplemental and additional to existing rights to bear arms now guaranteed by law and decisions of the courts of Florida, and nothing herein shall impair or diminish any of such rights. This act shall supersede any law, ordinance, or regulation in conflict herewith.
The principal case interpreting the 790.25(3)(n) exception is Peoples v. State, 287 So.2d 63 (Fla.1973). In Peoples, the defendant was convicted of carrying a concealed firearm when the police found him in front of the business where the defendant both worked and lived. Id. at 65-66. The Florida Supreme Court noted that allowing a person to carry a weapon at his place of business but prohibiting him from concealing the weapon would be inconsistent with the Legislature’s “Declaration of Policy in Section 790.25(1), the Exceptions to said Section in 790.25(3)(n), and the Construction in Section 790.25(4).” Id. at 67. Accordingly, the Court reversed the defendant’s conviction.
Cases decided after Peoples have further discussed the “place of business” exception. The Third District found that the “place of business” exception was not “confined to a place of business owned by the defendant himself. To the contrary, it includes ... premises where the individual is employed by another.” State v. Commons, 592 So.2d 317, 318 (Fla. 3d DCA 1991). The Fifth District determined that the “place of business” exception applied when the defendant was at the place of business during non-working hours. Brook, 999 So.2d at 1094, 1097.
We turn now to the state’s contention that Little, an elected secretary of a labor union at his union hall, did not fit the 790.25(3)(n) exception. The state argues that there is a distinction between a secretary of a labor union and an employee of a business. The state particularly focuses on the fact that Little did not allege that he was paid by the union. The state cites to no authority that suggests a union secretary (whether paid or unpaid) would not meet the 790.25(3)(n) exception, and this appears to be an issue of first impression.
In analyzing statutory language, reviewing courts must give the statutory language its plain and ordinary meaning, “and cannot add words which were not *1266 placed there by the Legislature.” Brook, 999 So.2d at 1097. If legislative intent in criminal statutes is unclear, ambiguities must be resolved in favor of the defendant. Kasischke v. State, 991 So.2d 803, 814 (Fla.2008); see § 775.021(1), Fla. Stat (2010). In section 790.25(4), the Legislature directs that we liberally construe the provisions of section 790.25.
At least in the context of business regulation, Florida law recognizes that labor unions are essentially business organizations. Am. Fed. of Musicians, Local 806 v. City of West Palm Beach, 179 So.2d 134, 136 (Fla. 2d DCA 1965). The Florida Supreme Court has stated: “Labor unions, like other trade, professional and business organizations, are concerned with the business of making a living.” Hill v. State, 155 Fla. 245, 19 So.2d 857, 860 (1944), rev’d on other grounds, Hill v. State, 325 U.S. 538, 65 S.Ct. 1373, 89 L.Ed. 1782 (1945); see also Standard Accident Ins. Co. v. Hoage, 66 F.2d 275, 277 (D.C.Cir., 1933) (“It is no stretch of language therefore to say that [a labor union] is essentially a business organization.”).
The Florida Supreme Court has defined “place of business” as “simply a location where business is transacted.” McCall v. State, 156 Fla. 437, 23 So.2d 492, 494 (1945). The facts before us establish that Little’s place of business was the union hall. Little was required to report for and perform duties at the union hall, including providing security in the union parking lot.
Under the facts of this case we find that Little was encompassed within the “place of business” exception in section 790.25(3)(n).

Affirmed.

GROSS and CONNER, JJ„ concur.

. Little’s motion did not state whether he received compensation from his union for the duties performed.