IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TROY KELVIN CURRY-
PENNAMON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4327

CORRECTED PAGES: pg 4
CORRECTION IS UNDERLINED IN RED
MAILED: January 5, 2015
BY: NMS

Opinion filed January 2, 2015.

An appeal from the Circuit Court for Duval County.
Adrian G. Soud, Judge.

Nancy A. Daniels, Public Defender, and Maria Ines Suber, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

ROWE, J.

Troy Curry-Pennamon appeals his convictions and sentences for attempted second-degree murder and carrying a concealed firearm. The appellant raises four issues: The first three issues challenge his attempted second-degree murder conviction, and the fourth issue challenges his conviction and sentence for carrying a concealed firearm. We affirm the attempted second-degree murder conviction

without discussion, but we reverse the conviction and sentence for carrying a concealed firearm.

Curry-Pennamon, a Walmart employee on duty, was arrested for a shooting incident which occurred in the Walmart parking lot where he was found to be in possession of a firearm, which he kept in a holster in the glove compartment of his vehicle. Curry-Pennamon was charged with attempted first-degree murder (count 1) and carrying a concealed firearm (count 2). At trial, the defense argued for a judgment of acquittal on count 2 based on an argument that under section 790.25(3)(n), Florida Statutes (2011), Curry-Pennamon could lawfully possess a firearm at his place of business, and the evidence supported that Curry-Pennamon was at his place of business at the time he possessed the firearm. The trial court denied the motion for judgment of acquittal, and the jury found Curry-Pennamon guilty as charged.

We review the trial court's denial of the motion for judgment of acquittal de novo. See Santiago v. State, 77 So.3d 874 (Fla. 4th DCA 2012) (citing Brook v. State, 999 So.2d 1093 (Fla. 5th DCA 2009)). The possession and use of weapons and firearms are regulated by Chapter 790, Florida Statutes. Section 790.01(2), Florida Statutes, provides that "A person who carries a concealed firearm on or about his or her person commits a felony of the third degree. . . ." However, section 790.25(3)(n) provides an exception for persons "possessing arms at his or

2

her home or place of business." Curry-Pennamon argues that his possession of the firearm in the Walmart parking lot was authorized by section 790.25(3)(n) because, as a Walmart employee on duty, he lawfully possessed the firearm at his place of business. We agree.

The Florida Supreme Court has held that the "place of business" exception under section 790.25(3)(n) applies not only to owners of a business, but also to its employees. Peoples v. State, 287 So. 2d 63, 67 (Fla. 1973) (holding the exception applied to allow a grocery store employee to lawfully possess a concealed firearm while on the store premises). Further, courts have interpreted the "place of business" exception to encompass property surrounding the business, including parking lots. State v. Anton, 700 So. 2d 743, 749 (Fla. 2d DCA 1997) (holding that jury instructions properly included language stating the place-of-business exception included "surrounding property, as well as buildings and structures situated thereon"); see also State v. Little, 104 So. 3d 1263, 1265 (Fla. 4th DCA 2013) (holding that parking lot of defendant's place of business was "surrounding property" included within exception of section 790.25(3)(n)).

Finally, notwithstanding the unambiguous language of the statutory exception found in section 790.25(3)(n), under section 790.25(4) courts are directed to liberally construe the provisions of section 790.25 "in favor of the constitutional right to keep and bear arms for lawful purposes." Florida Carry, Inc.

v. University of North Florida, 133 So. 3d 966, 970 (Fla. 1st DCA 2013). Because Curry-Pennamon's possession of a firearm in the parking lot at his place of business fell within the statutory "place of business" exemption from the prohibition on carrying a concealed firearm, we hold that the trial court erred by denying his motion for judgment of acquittal on that charge.

Accordingly, we REVERSE and REMAND for the trial court to enter a judgment of acquittal on the charge of carrying a concealed firearm. The appellant's conviction and sentence for attempted second-degree murder is AFFIRMED.

THOMAS and ROBERTS, JJ., CONCUR.