DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILGY THERLONGE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2024

[July 15, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Judge; L.T. Case No. 2011CF010869AMB.

Carey Haughwout, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

## ON MOTION FOR REHEARING

FORST, J.

We grant the Motion for Rehearing filed by Appellee State of Florida, withdraw our previously issued opinion dated May 20, 2015, and replace it with the following:

Appellant Wilgy Therlonge was convicted of lewd and lascivious battery of a person under sixteen years of age. His appeal challenges the trial court's construction of section 775.15(16)(a)4., Florida Statutes (2007), which extends the statute of limitations for lewd and lascivious offenses. As no DNA evidence pertinent to the crime was collected and preserved for later testing during the "original investigation" within the meaning of the statute, we reverse.

## Background

On January 10, 2008, police were informed that a sixteen-year-old girl

gave birth about a month prior. At the time of conception, the girl was fifteen. Police began investigating Appellant, a twenty-nine-year-old, since he was named as the father on the child's birth certificate. Appellant learned of the investigation and apparently fled the state. Over the course of three years, the case was declared "inactive" at least twice, but remained open while officers made intermittent attempts to locate Appellant.

Eventually, Appellant was located on October 11, 2010. Police obtained a DNA sample from him at that time, and took samples from the girl and her baby the next day. The DNA results, received by law enforcement on or about April 1, 2011, could not exclude Appellant as the father of the child. At this point, the police requested a warrant to arrest Appellant.

On October 7, 2011—after the statute of limitations period expired as over three years had passed since the crime was reported to law enforcement—Appellant was charged with lewd and lascivious battery of a person under sixteen years of age. Despite the time lapse, the State argued that it was permitted to continue the prosecution under section 775.15(16)(a), which provides an extension to the statute of limitations period in certain circumstances:

> In addition to the time periods prescribed in this section, a prosecution for [a lewd or lascivious offense] may be commenced at any time after the date on which the identity of the accused is established, or should have been established by the exercise of due diligence, through the analysis of deoxyribonucleic acid (DNA) evidence, *if a sufficient portion of the evidence collected at the time of the original investigation and tested for DNA is preserved and available for testing by the accused*[.]

§ 775.15(16)(a)4., Fla. Stat. (2007) (emphasis added).[1]

Appellant moved to dismiss the charge, arguing that section 775.15(16)(a) could not be applied to his case because the child's DNA was not obtained during the "original investigation" within the meaning of the statute. The trial court denied the motion, noting that, between 2008 and 2010, law enforcement was "always exercising due diligence to try and find [Appellant]; therefore, the investigation, the original investigation never ceased and it was ongoing." Subsequently, Appellant was convicted, declared a sexual offender, and sentenced to thirteen years imprisonment.

---

[1] No such extension of the statute of limitations is available for the charge of impregnation of a child.

## Analysis

We review issues of statutory interpretation *de novo*. *D.A. v. State*, 11 So. 3d 423, 423 (Fla. 4th DCA 2009).

When confronted with a question of statutory interpretation, the reviewing court must first look to the statute's actual language. *Bryan v. State*, 865 So. 2d 677, 679 (Fla. 4th DCA 2004). "In analyzing statutory language, reviewing courts must give the statutory language its plain and ordinary meaning, 'and cannot add words which were not placed there by the Legislature.'" *State v. Little*, 104 So. 3d 1263, 1265-66 (Fla. 4th DCA 2013) (quoting *Brook v. State*, 999 So. 2d 1093, 1097 (Fla. 5th DCA 2009)).

We reject the trial court's conclusion that there was an "original, *ongoing* investigation" (emphasis added) sufficient to trigger the extension period of section 775.15(16)(a)4. We acknowledge that this statute was intended to apply where a DNA sample was obtained shortly after the commission of a crime where the identity of the source of the DNA is unknown. Here, Appellant was hardly unknown, as he was named as the child's father on the birth certificate. Nonetheless, our decision is dictated by the plain language of the statute and the fact that no DNA evidence of the crime was collected during the "original investigation" to preserve for comparison against an accused and thus trigger the application of the extension period under section 775.15(16)(a)4. During the period when police first learned of the potential lewd and lascivious behavior until the time the case was initially declared "inactive," the onus was on the police to collect evidence to preserve for a later match—in this case, the DNA of the child. DNA evidence was collected only after Appellant was located by the investigating police department upon being arrested for a different charge, well after the original investigation had first been declared "inactive."

## Conclusion

We reverse and vacate Appellant's conviction and sentence, including his designation as a sexual offender, as the extension of the statute of limitations period under section 775.15(16)(a) is inapplicable in the instant case. Appellant's prosecution was commenced over three years after the alleged crime was first reported and thus the statute of limitations has run. Accordingly, we direct Appellant's immediate discharge with respect to the charge at issue in this case.

*Reversed.*

WARNER and GROSS, JJ., concur.

\*      \*      \*