DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

GALE FORCE ROOFING AND RESTORATION, LLC,

Appellant,

v.

AMERICAN INTEGRITY INSURANCE COMPANY OF FLORIDA,

Appellee.

No. 2D22-4104

_____

February 16, 2024

Appeal from the Circuit Court for Hillsborough County; Caroline Tesche Arkin, Judge.

Jeremy D. Bailie of Weber, Crabb & Wein, P.A., St. Petersburg, for Appellant.

Kimberly J. Fernandes of Kelley Kronenberg, Tallahassee, for Appellee.


KHOUZAM, Judge.

Gale Force Roofing and Restoration, LLC, appeals an order dismissing its complaint against American Integrity Insurance Company of Florida. Although Gale Force brought the action as the assignee of American Integrity's insured, the trial court determined that Gale Force lacked standing to do so on the basis that the assignment of benefits

(AOB) attached to the complaint failed to satisfy the requirements of section 627.7152, Florida Statutes (2021).[1]  Because the trial court did not err in dismissing the complaint on the basis of an invalid assignment, we affirm.  We write to explain our reasoning.

Gale Force contends that the trial court erred in ruling that the AOB is invalid and unenforceable because the court looked only to the first two pages of the complaint attachment to determine its validity as an AOB instead of considering the full six-page document.[2]  Had the trial court considered all six pages, Gale Force maintains, it would have concluded that the AOB complied with all applicable statutory requirements.  American Integrity responds that the trial court correctly limited its review of the AOB's statutory compliance to only the first two pages of the complaint attachment and, further, that even if it had considered all six pages, the court would inexorably have found the AOB invalid and unenforceable due to several substantive deficiencies therein.

In this case, we need not—and do not—decide the question of whether the court was required to consider all pages attached to the complaint to determine the validity of the AOB.  That is because, even accepting for purposes of analysis Gail Force's primary contention that the court should have evaluated all six pages to determine statutory compliance, we reach the same result: the AOB is invalid and unenforceable under the plain language of section 627.7152(2).

---

[1] This statute has since been amended, but the parties agree that the 2021 version applies here.

[2] Although the six-page attachment is consecutively paginated "[#] of 6," it contains two separate sections under different titles: the first two pages are titled "Assignment Agreement," followed by a "Construction Services Agreement" as well as an exhibit.

"The standard of review of an order granting a motion to dismiss is de novo." *Air Quality Experts Corp. v. Fam. Sec. Ins.*, 351 So. 3d 32, 36 (Fla. 4th DCA 2022) (citing *Rhiner v. Koyama*, 327 So. 3d 314, 316 (Fla. 4th DCA 2021)). "Statutory interpretation and standing also receive de novo review." *Id.* (first citing *Therlonge v. State*, 184 So. 3d 1120, 1121 (Fla. 4th DCA 2015); and then citing *Matthews v. Fed. Nat'l Mortg. Ass'n*, 160 So. 3d 131, 132 (Fla. 4th DCA 2015)).

"Section 627.7152 . . . was enacted by the Florida legislature in 2019 to regulate assignment agreements that seek to transfer insurance benefits from the policyholder to a third party." *Total Care Restoration, LLC v. Citizens Prop. Ins.*, 337 So. 3d 74, 75-76 (Fla. 4th DCA 2022); *see also* ch. 2019-57, Laws of Fla.

To that end, "[s]ection 627.7152 establishes mandatory requirements which an AOB must include to be enforceable." *Air Quality Experts*, 351 So. 3d at 37. The only such provisions necessary to decide this appeal are as follows:

(2)(a) An assignment agreement must:

. . . .

2. Contain a provision that allows the assignor to rescind the assignment agreement without a penalty or fee by submitting a written notice of rescission signed by the assignor to the assignee within 14 days after the execution of the agreement, at least 30 days after the date work on the property is scheduled to commence if the assignee has not substantially performed, or at least 30 days after the execution of the agreement if the agreement does not contain a commencement date and the assignee has not begun substantial work on the property.

. . . .

6. Contain the following notice in 18-point uppercase and boldfaced type:

**YOU ARE AGREEING TO GIVE UP CERTAIN RIGHTS YOU HAVE UNDER YOUR INSURANCE POLICY TO A THIRD PARTY, WHICH MAY RESULT IN LITIGATION AGAINST YOUR INSURER. PLEASE READ AND UNDERSTAND THIS DOCUMENT BEFORE SIGNING IT. YOU HAVE THE RIGHT TO CANCEL THIS AGREEMENT WITHOUT PENALTY WITHIN 14 DAYS AFTER THE DATE THIS AGREEMENT IS EXECUTED, AT LEAST 30 DAYS AFTER THE DATE WORK ON THE PROPERTY IS SCHEDULED TO COMMENCE IF THE ASSIGNEE HAS NOT SUBSTANTIALLY PERFORMED, OR AT LEAST 30 DAYS AFTER THE EXECUTION OF THE AGREEMENT IF THE AGREEMENT DOES NOT CONTAIN A COMMENCEMENT DATE AND THE ASSIGNEE HAS NOT BEGUN SUBSTANTIAL WORK ON THE PROPERTY. HOWEVER, YOU ARE OBLIGATED FOR PAYMENT OF ANY CONTRACTED WORK PERFORMED BEFORE THE AGREEMENT IS RESCINDED. THIS AGREEMENT DOES NOT CHANGE YOUR OBLIGATION TO PERFORM THE DUTIES REQUIRED UNDER YOUR PROPERTY INSURANCE POLICY.**

§ 627.7152(2)(a) (emphasis added). The statute expressly provides that an assignment that fails to comply with any of the provisions of subsection 627.7152(2) "is invalid and unenforceable." § 627.7152(2)(d); *see also Air Quality Experts*, 351 So. 3d at 39 ("An assignee under a noncomplying AOB cannot enforce the contract because the Legislature has specifically stated that such contracts are invalid and unenforceable.").

Here, even the full six-page document fails to include a provision containing all of the recission terms expressly required by section 627.7152(2)(a)2. Accordingly, under the plain language of subsection (2)(d), the AOB is "invalid and unenforceable."

4

It is undisputed that the document attached to the complaint contains the uppercase and boldfaced statement required by subsection 627.7152(2)(a)6. But that statement, by itself, does not include all of the terms expressly required under the parallel subsection 627.7152(2)(a)2.

In particular, subsection (2)(a)2 requires a provision that allows recission "without a penalty or fee," whereas the required uppercase and boldfaced statement in subsection (2)(a)6 mentions a "penalty," but not a "fee." Further, subsection (2)(a)2 expressly requires a provision that permits the assignor to rescind by submitting a "written notice," whereas the required uppercase and boldfaced statement in subsection (2)(a)6 is silent as to the mechanism for doing so. Thus, the required uppercase and boldfaced statement in subsection (2)(a)6 lacks two separate terms expressly required by subsection (2)(a)2.[3]

Although another provision of the document attached to the complaint also addresses recission, it likewise does not satisfy subsection (2)(a)2, neither considered individually nor in concert with the uppercase and boldfaced statement required by subsection (2)(a)6. In particular, the additional provision in Gale Force's document provides:

> **Customer Cancellation.** The Customer may cancel this contract by delivering to the Contractor a written, signed, and dated notice stating "I, [Customer's Full Name], hereby cancel my contractual agreement with Gale Force Roofing and Restoration LLC." In the event the Customer cancels this Agreement, Customer agrees the Contractor shall be entitled to payment for the work already performed on the Property. The Customer and the Contractor agree that neither shall be

---

[3] Although we have reached this conclusion through a textual analysis of the plain language of the statute, we also note that the contrary interpretation would render subsection (2)(a)2 entirely superfluous. If the uppercase and boldfaced statement required by subsection (2)(a)6 were sufficient on its own to satisfy the requirements of subsection (2)(a)2, then it would do so in every case.

permitted to cancel/rescind this agreement after the commencement of substantial work on the Property; and, in the event that any party does cancel this agreement after installation has commenced, the non-canceling party shall be entitled to all damages, including consequential damages, and reasonable attorney's fees and costs.

Unlike the required uppercase and boldfaced statement of subsection (2)(a)6, this provision does specify that recission is accomplished by "written" notice. But it nowhere mentions the fourteen-day deadline required by subsection (2)(a)2, nor does it mention that such recission is without a penalty or fee. Thus, it also fails to satisfy subsection (2)(a)2 in multiple ways.

To the extent the two provisions—the required uppercase and boldfaced statement of subsection (2)(a)6 and the "Customer Cancellation" paragraph in Gale Force's document—might be considered together to achieve compliance with subsection (2)(a)2, the plain language of the statute forecloses such an analysis. In particular, subsection (2)(a)2 does not speak in terms of rights or duties under the contract; instead, it expressly requires that the AOB "[c]ontain a provision" setting forth the specified recission terms. (Emphasis added.)

By specifying that the AOB must have "a" singular "provision" setting forth these several terms, the legislature has prohibited piecemeal compliance among several provisions. *See, e.g.*, *Samples v. Fla. Birth-Related Neuro. Inj. Comp. Ass'n*, 114 So. 3d 912, 916 (Fla. 2013) (rejecting plural interpretation of statute where plain language is unambiguously stated in the singular). Moreover, subsection (2)(a) contains parallel requirements addressing the substance of the AOB's terms versus their presentation, showing that the legislature knows the difference between the two. *Compare, e.g.*, § 627.7152(2)(a)5 (requiring that the AOB "[r]elate only to" certain work), *with* §§ 627.7152(2)(a)2, 3,

4, 6, 7 (each requiring that the AOB "[c]ontain" a specified provision, a written estimate, or a notice).

At bottom, nowhere in the document attached to the complaint is "a provision" that complies with all of the express requirements of subsection (2)(a)2. Thus, even considering all six pages as urged by Gale Force, the AOB is "invalid and unenforceable" under the plain language of the statute. § 627.7152(2)(d). Under this analysis, we do not reach the other deficiencies asserted by American Integrity. Because the AOB fails to comply with section 627.7152(2)(a)2, the trial court did not err in dismissing the complaint, and we must affirm.

Affirmed.

LUCAS and LABRIT, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.