DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNITED CAB OF BROWARD, LLC** and **ERNSAULT MAURICE,**
Appellants,

v.

**NATALIA MULLER,**
Appellee.

No. 4D2023-3010

[November 13, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE21-008315.

Dorothy V. DiFiore of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, and David M. Tarlow of Quintairos, Prieto, Wood & Boyer, P.A., Fort Lauderdale, for appellants.

Tobechuku T. Nwahiri of Nwahiri Law, PLLC, Miami, for appellee.

MAY, J.

The defendant driver in an automobile accident case appeals an order denying his request for attorney's fees. He argues the trial court erred in calculating whether the proposal for settlement was valid. We agree with the driver and reverse and remand the case.[1]

- ### *The Facts*

The plaintiff sued the driver and the vehicle's owner for negligence arising from a car accident in 2020 where the driver rear-ended the plaintiff. The plaintiff alleged the driver's negligence caused her permanent injuries and damages. The defendants filed an answer and affirmative defenses denying liability and alleging comparative negligence and setoff defenses.

The driver served the plaintiff with a proposal for settlement ("PFS") pursuant to section 768.79, Florida Statutes (2022), and Florida Rule of Civil Procedure 1.442. In the PFS, the driver offered the plaintiff $5,000 to settle all claims and

---

[1] Both the driver and the vehicle owner are appellants in this case, but the proposal for settlement was made by the driver only. The opinion primarily refers to the driver in the singular throughout.

damages, including attorney's fees, costs, and prejudgment interest. The PFS stated no amount was allocated to punitive damages; none were sought by the plaintiff. It further required the plaintiff to execute a general release and confidentiality agreement and dismiss her claims against the driver with prejudice. The plaintiff subsequently rejected the PFS by not responding within 30 days.

The case proceeded to a jury trial on the negligence claims. The jury found the driver 50% negligent and the plaintiff 50% comparatively negligent. The jury awarded the plaintiff $15,868.16 in past medical expenses, $0 in future medical expenses, and found the plaintiff did not sustain a permanent injury. The total verdict was $15,868.16.

Post-trial, the driver moved to reduce the verdict by a $10,000 PIP setoff and a $7,039.52 Medicaid discount setoff, pursuant to section 768.76, Florida Statutes (2022). The plaintiff opposed the setoffs, arguing the driver failed to present evidence to support the setoffs. The trial court granted the motion and set off a total of $17,039.52, resulting in a $0 net judgment for the plaintiff.

The driver then moved for attorney's fees based on the plaintiff's rejection of his $5,000 PFS and for costs as the prevailing party. The trial court found the PFS invalid because it did not state whether it was inclusive or exclusive of setoffs. Consequently, the trial court denied the fee motion but granted the driver's motion for costs. The trial court subsequently denied the driver's motion for rehearing. From this order, the defendants now appeal.

- ***The Analysis***

The sole issue on appeal is whether the driver's PFS was invalid for failing to state whether it included or excluded setoffs.

The driver argues the trial court erred in denying the driver's motion for attorney's fees because the driver's PFS strictly complied with section 768.79, Florida Statutes (2022), and Florida Rule of Civil Procedure 1.442, as neither require the PFS to reference setoffs for an entitlement to attorney's fees. The driver argues the trial court improperly added words to the statute and rule by requiring the PFS to address matters not found in their plain language. Further, the driver asserts the statutory definition of "judgment obtained" already incorporates setoffs by defining the term as the "net judgment entered." Thus, the driver argues requiring a PFS to reference setoffs would be redundant and potentially confusing.

The plaintiff responds the PFS did not satisfy the specific requirement of rule 1.442(c)(2)(B) because the PFS did not state whether it would resolve "all damages that would otherwise be awarded in a final judgment[.]" The plaintiff

further suggests the ruling should nonetheless be affirmed under the Tipsy Coachman doctrine because the PFS was made in bad faith due to the defendant's failure to verify his interrogatory responses.

We review a party's entitlement to attorney's fees and costs pursuant to section 768.79, Florida Statutes (2022), and Florida Rule of Civil Procedure 1.442 de novo. *Spanakos v. Hawk Sys., Inc.*, 362 So. 3d 226, 236 (Fla. 4th DCA 2023) (quoting *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015)).

We similarly review whether a PFS is ambiguous and statutory interpretation issues de novo. *Matrisciani v. Garrison Prop. & Cas. Ins. Co.*, 298 So. 3d 53, 60 (Fla. 4th DCA 2020) (citing *Nationwide Mut. Fire Ins. Co. v. Pollinger*, 42 So. 3d 890, 891 (Fla. 4th DCA 2010)); *Therlonge v. State*, 184 So. 3d 1120, 1121 (Fla. 4th DCA 2015) (citing *D.A. v. State*, 11 So. 3d 423, 423 (Fla. 4th DCA 2009)). We review a trial court's determination of whether a PFS was made in good faith for an abuse of discretion. *Spanakos*, 362 So. 3d at 239 (citing *Alexandre v. Meyer*, 732 So. 2d 44, 45 (Fla. 4th DCA 1999)).

Section 768.79 and rule 1.442 allow a party to recover reasonable attorney's fees and costs incurred from the date of serving a PFS if two conditions are met: (1) the offeree fails to accept the PFS within 30 days; and (2) the offeree ultimately obtains a judgment that is at least 25% less than the PFS amount. § 768.79(7)(a), Fla. Stat. (2022); Fla. R. Civ. P. 1.442(f)(1). The PFS must also strictly comply with the requirements of section 768.79(2) and rule 1.442(c)(2). *Pratt*, 161 So. 3d at 1273.

Ultimately, the PFS must:

(a)    Be in writing and state it is made under section 768.79.

(b)    Name the party making the PFS and the party to whom it is made.

(c)    State with particularity any amount offered to settle a punitive damages claim, if any.

(d)    State the total amount of the PFS.

§ 768.79(2), Fla. Stat. (2022).

(e)    Exclude nonmonetary terms, except for a voluntary dismissal of all claims with prejudice and other permitted terms.

(f)    State whether it includes attorney's fees and whether fees are part of the legal claim.

3

(g) Include a certificate of service.

Fla. R. Civ. P. 1.442(c)(2).

Beyond strict compliance with the statute and rule, the PFS must also "be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). Both the statute and rule require all conditions and nonmonetary terms within the PFS to be stated with particularity. *Tower Hill Signature Ins. Co. v. Kushch*, 335 So. 3d 743, 748 (Fla. 4th DCA 2022).

However, not every ambiguity will invalidate a PFS: only ambiguities that "could reasonably affect the offeree's decision" to accept. *Nichols*, 932 So. 2d at 1079. Courts should not "nitpick" PFSs for ambiguities, as PFSs "are intended to end judicial labor, not create more." *Ehlert v. Castro*, 330 So. 3d 41, 44 (Fla. 4th DCA 2021) (quoting *Allen v. Nunez*, 258 So. 3d 1207, 1211 (Fla. 2018)).

If the PFS strictly complies, the court must then compare the "judgment obtained" by the plaintiff to the PFS amount to determine if the judgment was at least 25% less than the PFS. *See* § 768.79(1), Fla. Stat. (2022). Per statute, "judgment obtained" is "the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced." § 768.79(7)(b), Fla. Stat. (2022).

The PFS must also be made in good faith. *Grip Dev., Inc. v. Coldwell Banker Residential Real Estate, Inc.*, 788 So. 2d 262, 264 (Fla. 4th DCA 2000). In assessing good faith, courts consider whether the offeror had a reasonable basis to conclude that its exposure was nominal at the time of the offer. *Matrisciani*, 298 So. 3d at 61. The legislature created a mandatory right to attorney's fees if the statutory prerequisites are met. The only discretion afforded to judges under section 768.79 is "to determine whether the qualifying offer was made in good faith, and whether the amount of fees awarded was reasonable." *Grip Dev.*, 788 So. 2d at 264 (citing *Schmidt v. Fortner*, 629 So. 2d 1036, 1041 (Fla. 4th DCA 1993)).

When construing statutes, "courts must give the statutory language its plain and ordinary meaning, 'and cannot add words which were not placed there by the Legislature.'" *Therlonge*, 184 So. 3d at 1121 (quoting *State v. Little*, 104 So. 3d 1263, 1265–66 (Fla. 4th DCA 2013)). Courts must consider "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

4

Here, the trial court erred in invalidating the driver's PFS for not stating whether it was inclusive or exclusive of setoffs. The court denied the driver's motion for fees solely on the basis that the PFS failed to reference setoffs, not due to any finding that the PFS was made in bad faith. Specifically, the court stated, "[i]t just seems awkward that I'm granting attorney's fees under a proposal for settlement that was less than the amount of the [pre-setoff] verdict." But nothing in section 768.79 or rule 1.442 requires a PFS to address setoffs. Adding such a requirement impermissibly reads terms into the statute that the Legislature did not include. *Therlonge,* 184 So. 3d at 1121.

The driver's PFS strictly complied with all requirements of section 768.79(2) and rule 1.442(c)(2). The PFS:

    (a) Was in writing and invoked section 768.79.

    (b) Named the driver as the offeror and the plaintiff as the offeree.

    (c) Expressly allocated no amount for punitive damages.

    (d) Offered $5,000 to settle all of plaintiff's damages claims.

    (e) Required the plaintiff to voluntarily dismiss all claims with prejudice and execute a general release and a confidentiality agreement.

    (f) Stated payment was inclusive of attorney's fees.

    (g) Included a certificate of service.

Since fee entitlement depends on the "net judgment" after setoffs, referencing potential setoffs in the PFS itself is unnecessary and risks creating confusion. Florida law establishes plaintiffs' judgments are subject to reductions for PIP benefits, health insurance discounts, comparative negligence, and other statutory grounds. *See Matrisciani,* 298 So. 3d at 58–59 (discussing setoffs and remittiturs). Neither section 768.79 nor rule 1.442 require defendants to advise plaintiffs of these legal principles in a PFS.

Here, the "net judgment" was "0." The driver's PFS was 25% greater than the "net judgment." The PFS was valid. The driver was entitled to attorney's fees. In short, the PFS met the strict requirements of section 768.79 and rule 1.442. The trial court erred in finding the PFS invalid.

We therefore reverse the order denying attorney's fees and remand for a calculation of the reasonable amount of fees to be awarded.

*Reversed and remanded.*

5

FORST and ARTAU, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***