DAUKSCH, Judge.
This is an appeal from a juvenile delinquency case. Appellant was convicted of delinquency by robbery, section 812.13(2)(c), Florida Statutes (1997) and resisting merchandise recovery, section 812.015(g), Florida Statutes (1997). Because the latter is subsumed by the former under the charge and facts of this case, we reverse the judgment for the resisting merchandise recovery. From a reading of the record we are aware the judge did not intend for the judgment to list convictions for both. A scrivener’s error was overlooked.
Appellant asserts as error that the judge sentenced him to a residential commitment rather than the recommended community control with parental supervision. He urges that we follow the cases from the First District Court of Appeal. E.D.P. v. State, 23 Fla. L. Weekly D348, — So.2d - (Fla. 1st DCA Jan. 27), rev. granted, Case No. 92,345, — So.2d - (Fla. May 19, 1998); R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA), rev. granted, Case No. 91,035, — So.2d -(Fla. Dec. 16, 1997), approved on other grounds sub nom. State v. T.M.B., 716 So.2d 269 (Fla.1998); S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996). We decline to follow those cases and choose to follow the ruling and logic in D.L.B. v. State, 707 So.2d 844 (Fla. 2d DCA), rev. granted, 717 So.2d 530 (Fla.1998) wherein the court held:
We disagree, however, with the First District’s interpretation of the statute. We do not believe the statute requires the court, once it has already rejected the Department’s non-commitment recommendation, to then ask the Department for a second recommendation. A request for a second recommendation would seem particularly unnecessary in view of section 39.052(4)(e)3., Florida Statutes (1995), the next paragraph of the statute, which allows the court to reject the Department’s restrictions level recommendation provided that the court state for the record the reasons for its deviation from the Department’s recommendation....
We certify the conflict with the First District Court of Appeal’s cases.
AFFIRMED in part; REVERSED in part.
HARRIS and THOMPSON, JJ., concur.