THOMPSON, Judge.
A.P., a child, appeals his order of disposition, entered after he was charged with trespass and resisting a law enforcement officer without violence. He contends that the court erred in failing to specify reasons for the adjudication and commitment, in failing to seek a commitment level recommendation from the Department of' Juvenile Justice (“DJJ”) after the court rejected the department’s initial recommendation of community control, and in using a single disposition order for both charges. We agree that the court erred and vacate the order of disposition.
The court erred when it did not set forth its reasons for the adjudication and disposition, although, the statute, mandates compliance. See § 39.052(4), Fla. Stat. (Supp 1996); D.D.M. v. State, 662 So.2d 384 (Fla. 5th DCA 1995). The court also erred when it disposed of the two charges in a single order of commitment. This court has held that a separate order must be used for each offense where multiple convictions form the basis for adjudication of delinquency. G.R.A. v. State, 688 So.2d 1027 (Fla. 5th DCA 1997); T.A.R. v. State, 640 So.2d 222 (Fla. 5th DCA 1994). The trial court did not err, however, in failing to obtain another disposition recommendation after it rejected the recommendation of community control. A.P. was on community control when he committed the delinquent act in this case. He previously had been placed on community control after the court suspended a level 6 commitment. The court determined that since this crime occurred only one week after the prior adjudication, adoption of the treatment plan recommended by DJJ along with commitment to a level 6 was in the best interest of A.P. -Once the recommendation from the DJJ is rejected, the court does not need another recommendation. State v. E.D.P., No. 92345 (Fla. Oct. 8, 1998); J.B. v. State, 715 So.2d 1144, 23 Fla. L. Weekly D1956 (Fla. 5th DCA Aug.21,1998).
VACATED and REMANDED.
GOSHORN and PETERSON, JJ., concur.