PER CURIAM.
We have for review J.B. v. State, 715 So.2d 1144 (Fla. 5th DCA 1998), based on conflict with E.D.P. v. State, 23 Fla. L. Weekly D348, 728 So.2d 1173 (Fla. 1st DCA 1998), quashed, 23 Fla. L. Weekly S524, 724 So.2d 1144 (Fla.1998), and other cases.[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve J.B.
The issue raised in the instant conflict is controlled by our recent decision in State v. E.D.P., 23 Fla. L. Weekly S524, 724 So.2d 1144 (Fla.1998)(reviewing the conflict case cited above), wherein the First District certified the following question of great public importance:
DOES THE TRIAL JUDGE, ACTING AFTER A DISPOSITION HEARING AND BASED ON SPECIFIC REASONS, HAVE AUTHORITY TO REJECT THE DEPARTMENT [OF JUVENILE JUSTICEj’S COMMUNITY CONTROL RECOMMENDATION WITHOUT REMANDING THE CASE TO THE DEPARTMENT FOR AN ALTERNATIVE RECOMMENDATION?
We answered the question in the affirmative and quashed the First District’s opinion. Id.
In accordance with our decision in E.D.P., we approve J.B. On October 8, 1998, this Court disapproved R.A.M. and S.R. to the extent they are inconsistent with E.D.P. See D.L.B. v. State, 720 So.2d 202 (Fla.1998).
It is so ordered.
HARDING, C.J., and SHAW, WELLS, LEWIS and QUINCE, JJ., concur.
PARIENTE, J., concurs with an opinion, in which ANSTEAD, J., concurs.

. R.A.M. v. State, 695 So.2d 1308 (Fla. 1st DCA), approved on other grounds sub nom., State v. T.M.B., 716 So.2d 269 (Fla.1998), and S.R. v. State, 683 So.2d 576 (Fla. 1st DCA 1996).