PALMER, J.
A.M., a juvenile, appeals the trial court’s order adjudicating her delinquent based upon the finding that she committed the crimes of lewd and lascivious molestation and false imprisonment.[1] The charges were based upon evidence that A.M. held the victim’s body, hands, and legs down while other juveniles fondled the victim’s breasts. Although the evidence presented at the hearing was sufficient to support A.M.’s delinquency adjudication, we must vacate the instant delinquency order and remand this matter to the trial court with directions to enter written findings supporting its adjudication, to conduct a proper disposition hearing, and to enter separate dispositions orders for each delinquent act adjudicated.
A.M. raises a multitude of claims of error; however, only five merit discussion. She first argues that insufficient evidence was presented to sustain the adjudication of guilt. We disagree. The victim’s testimony was sufficient to support a finding that A.M. was guilty of committing the crime of false imprisonment by her physical restraint of the victim during the attack. As for the crime of lewd and lascivious molestation, section 777.011 of the Florida Statutes (1999) authorizes the imposition of principal liability in this case since the evidence demonstrated that A.M. intended for the crime to be committed and she assisted the actual perpetrators in committing the crime. See Giniebra v. State, 787 So.2d 51 (Fla. 2d DCA 2001).
A.M. also argues that the trial court violated her substantive due process rights when, in imposing sentence upon her, the court relied on a disposition report which inaccurately stated her prior record. However, the record demonstrates that any inaccuracy in her pre-disposition report was harmless, since the recommended placement was based solely upon the serious nature of her crimes, not her prior record.
A.M. next argues that the trial court reversibly erred by failing to comply with section 985.228(5) of the Florida Statutes (1999) which requires the court to incorporate written findings in its adjudication order briefly stating the facts upon which the finding of guilt is based. We *640 agree. Reversible error occurs when the trial court fails to set forth specific written findings regarding its reasons to adjudicate and commit a juvenile. See V.T. v. State, 782 So.2d 928 (Fla. 2d DCA 2001); see also A.P.v. State, 718 So.2d 951 (Fla. 5th DCA 1998). Although the trial court set forth oral findings of fact on the record which were sufficient to support the delinquency adjudication, remand is necessary so the trial court can enter a written order setting forth those findings.
A.M. further contends that reversal of her disposition order is required because the trial court improperly utilized a single disposition order for adjudicating both offenses. We agree. In D.P. v. State, 780 So.2d 414 (Fla. 5th DCA 1999), this court ruled that the trial court is required to enter a separate disposition order for each delinquent act adjudicated. Accordingly, this matter must be remanded for the trial court to enter separate disposition orders for each of A.M.’s delinquency adjudications.
Lastly, A.M. maintains that the trial court violated section 985.23(l)(a) of the Florida Statutes by failing to explain to A.M. and her mother that they had a right to be heard, and by failing to afford A.M. and her mother an opportunity to be heard before announcing disposition. A.M. further claims that the trial court violated section 985.23(l)(c) of the Florida Statutes (1999) which requires the court to engage in a discussion with the child before entering a disposition order.[2] Since the trial court failed to strictly comply with the terms of these two statutes, the case must be remanded so that a proper disposition hearing can be held.
Adjudication of delinquency VACATED, and cause REMANDED for further proceedings consistent with this opinion.
SHARP, W., and PLEUS, JJ., concur.

. §§ 800.04(5)(d); 787.02; Fla. Stat. (1999).

. Although this claim was not raised in the trial court, any error related to the trial court’s failure to comply with the terms of the statute can be raised for the first time on appeal. See K.O. v. State, 765 So.2d 901 (Fla. 5th DCA 2000).