DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAUL T. MCCAW,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1105

[October 2, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie Rowe, Judge; L.T. Case No. 19CF004013AMB.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

Appellant Paul McCaw ("Defendant") appeals his convictions and sentences for sexual battery on a person less than twelve years of age (count one), attempted sexual battery on a person less than twelve years of age (count two), and lewd or lascivious molestation on a person less than twelve years of age (counts three and four). Although he raises several issues on appeal, we address only two in this opinion. First, Defendant argues he is entitled to judgment of acquittal as to counts three and four, claiming he was charged and convicted for the alleged acts under the wrong statute. Second, he claims the trial court erred by modifying the standard jury instructions given to the jury on counts three and four. We affirm the judgment and sentence on all issues raised.

**Facts**

The victims in this case are two children who were ages nine and seven at the time Defendant committed the alleged acts. Defendant's alleged crimes came to light when the older child informed her mother of

Defendant's actions, which included Defendant explaining to the child what sex was, displaying his penis, and making the child kiss his penis. The next day, after the older child confirmed these events in a second conversation with the mother, the mother drove both children to a police station, and the children were interviewed by the Child Protection Team (CPT).

The CPT also asked the mother to place a controlled call to Defendant. After the controlled call, Defendant was arrested, interviewed by police, and charged. Count one of the amended information accused Defendant of causing his penis to penetrate or have union with the older child's mouth. Count two accused Defendant of removing his penis from his clothing and soliciting the younger child to cause her mouth to have union with his penis. Count three accused Defendant of intentionally touching the older child's genitals or genital area in a lewd or lascivious manner or forcing or enticing the younger child to touch the older child's genitals or genital area in a lewd or lascivious manner. Finally, count four accused Defendant of intentionally touching the younger child's genitals or genital area in a lewd or lascivious manner or forcing or enticing the older child to touch the younger child's genitals in a lewd or lascivious manner.

**Trial**

Related to counts three and four, evidence was presented at trial that the older child told both the mother and the CPT investigator that Defendant instigated a "truth or dare" game where both children were coerced into kissing each other's vaginas. This allegation was also confirmed to the CPT investigator by the younger child. Additionally, Defendant made the children "pinky swear" not to tell anyone this occurred because he would go to jail.

After the State rested its case, Defendant moved for judgment of acquittal on the two counts of lewd or lascivious molestation (counts three and four). Defendant argued the State erred by charging him with lewd or lascivious molestation under section 800.04(5), Florida Statutes (2019), because section 800.04(5) prohibits defendant to victim contact, not victim to co-victim contact. Defendant further argued that the State should have charged him with lewd or lascivious battery under section 800.04(4), Florida Statutes (2019), for the alleged conduct instead. The State responded that it was proceeding under a principal theory. The trial court denied Defendant's motion.

Before the case went to the jury, the State proposed modified jury instructions for counts three and four. The State modified the first element of the standard jury instruction, and the modified portion of the instruction as to count three read:

> [Defendant], in a lewd or lascivious manner, intentionally forced or enticed [younger child] to touch the genitals, genital area, clothing covering the genitals or clothing covering the genital area of [older child].

The first element of the State's jury instruction as to count four was similarly modified, but reversed the placement of the names of the two children as follows:

> [Defendant], in a lewd or lascivious manner, intentionally forced or enticed [older child] to touch the genitals, genital area, clothing covering the genitals or clothing covering the genital area of [younger child].

Defendant argued the State's instructions improperly deviated from the standard instruction for lewd or lascivious molestation by placing the other victim's name at the end of the first element instead of Defendant's name. The State responded that the modified instructions followed the language of the standard instruction and included language from the information. Similar to the argument in his motion for judgment of acquittal, Defendant also maintained that the State was charging him under the wrong statute as to counts three and four.

The trial court granted the State's request to use the modified instructions over Defendant's objections. The jury ultimately returned a guilty verdict as to all four counts, and the trial court sentenced Defendant to life imprisonment as to counts one, three, and four, and thirty years' imprisonment as to count two.

**Defendant's motion for judgment of acquittal**

We review the denial of a motion for judgment of acquittal de novo. *Jenkins v. State*, 376 So. 3d 793, 795-96 (Fla. 4th DCA 2023) (quoting *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002)). "A trial court should not grant a motion for judgment of acquittal 'unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt.'" *Id.* at 796 (quoting *State v. Lee*, 230 So. 3d 886, 888 (Fla. 4th DCA 2017)). We also review a trial court's statutory interpretation de novo.

3

*See Acevedo v. State*, 218 So. 3d 878, 879 (Fla. 2017); *Therlonge v. State*, 184 So. 3d 1120, 1121 (Fla. 4th DCA 2015) (citing *Bryan v. State*, 865 So. 2d 677, 679 (Fla. 4th DCA 2004)) ("When confronted with a question of statutory interpretation, the reviewing court must first look to the statute's actual language.").

Defendant argues he is entitled to judgment of acquittal as to counts three and four because the State's evidence did not establish that Defendant touched the victims' genital areas in a lewd or lascivious manner, nor did it establish that Defendant forced or enticed the victims to touch Defendant's genital area in a lewd or lascivious manner. Instead, Defendant argues the evidence established that Defendant forced or enticed the victims to kiss *each other's* genital area, which is not an element of lewd or lascivious molestation.

The State's position is that it relied on the principal theory under section 777.011, Florida Statutes (2019), to convict Defendant of lewd or lascivious molestation. Defendant counters that the principal theory is inapplicable to this case because section 800.04(5)(a), Florida Statutes (2019), specifically uses the word "perpetrator," and Defendant did not have a "co-perpetrator" commit the acts on his behalf.

The lewd or lascivious molestation statute provides:

> A person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age, or forces or entices a person under 16 years of age to so touch the perpetrator, commits lewd or lascivious molestation.

§ 800.04(5)(a), Fla. Stat. "Thus, a person can violate [section 800.04(5)] in two separate and distinct ways: 1) by touching the victim in the proscribed manner, or 2) by forcing or enticing the victim to touch the person in the proscribed manner." *Sanders v. State*, 101 So. 3d 373, 375 (Fla. 1st DCA 2012).

Florida's principal in the first degree statute states:

> Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be committed, is a principal in the first degree and may be

charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.

§ 777.011, Fla. Stat. (2019). In explaining the principal theory, we said in *Charles v. State*, 945 So. 2d 579 (Fla. 4th DCA 2006):

[A] defendant will be treated as if he did *all the acts performed by the others involved* in the perpetration of a crime if (1) the defendant "ha[d] a conscious intent that the crime be done" and (2) the defendant "d[id] some act or sa[id] some word which was intended to and d[id] incite, cause, encourage, assist, or advise another person to actually commit the crime."

*Id.* at 581–82 (emphasis added) (quoting *R.J.K. v. State*, 928 So. 2d 499, 503 (Fla. 2d DCA 2006)).

Courts have held that a defendant can be convicted of lewd or lascivious molestation by applying the principal theory under section 777.011. *See A.M. v. State*, 792 So. 2d 638, 639 (Fla. 5th DCA 2001). In *A.M.*, the defendant was found to have committed lewd or lascivious molestation based on evidence that she held the victim down while other juveniles fondled the victim's breasts. *Id.* The evidence supported the finding of guilt because it established that the defendant intended for the crime to be committed and assisted the actual perpetrators in committing the crime. *Id.*

To avoid application of the principal statute, Defendant argues the victims cannot be treated as his co-perpetrators because they did not have the requisite intent to commit lewd or lascivious molestation, as both victims testified that they did not want to touch each other. However, the criminal culpability of the actual "perpetrators" is not the focus of the principal theory. Instead, the focus is the defendant's individual culpability for employing third parties as instrumentalities to commit his criminal acts.

Section 777.011's plain language states that a defendant is a principal in the first degree if the defendant "procures such offense to be committed." In a case like this where a defendant forces, incites or encourages a third-party, including a child victim, to commit a crime on his behalf—either voluntarily or against their will—the principal statute can be applied to impose criminal liability on the defendant. Further, section 777.011 does not require that the person whom a defendant uses

5

to assist in the commission of a crime be equally as culpable as the defendant to hold the defendant criminally liable for the crime that he intended be committed and orchestrated. Accordingly, the trial court did not err in denying the motion for judgment of acquittal as to counts three and four because the evidence was sufficient to convict Defendant of lewd or lascivious molestation under the principal theory.

### Use of the modified jury instructions

"'Generally speaking, the standard of review for jury instructions is abuse of discretion,' but that 'discretion, as with any issue of law is strictly limited by case law.'" *Silver v. State*, 149 So. 3d 54, 57 (Fla. 4th DCA 2014) (quoting *Krause v. State*, 98 So. 3d 71, 73 (Fla. 4th DCA 2012)). Further, "[w]hether a jury instruction was legally adequate is a question of law subject to *de novo* review." *Santiago v. State*, 77 So. 3d 874, 876 (Fla. 4th DCA 2012) (citing *State v. Glatzmayer*, 789 So. 2d 297 (Fla. 2001)).

Standard jury instructions are preferred over modified instructions if the standard instructions adequately explain the law. *McGuire v. State*, 639 So. 2d 1043, 1047 (Fla. 5th DCA 1994). However, a trial court can modify a standard instruction to fit the facts of a particular case if the modified instruction does not materially change the applicable law. *Galston v. State*, 943 So. 2d 968, 972 (Fla. 5th DCA 2006) (citing *Carpenter v. State*, 785 So. 2d 1182, 1200 (Fla. 2001)).

Defendant argues the trial court abused its discretion by reading the State's modified jury instructions for the two counts of lewd or lascivious molestation because the modified instructions misstated the law. Similar to his judgment of acquittal argument, Defendant asserts that under the plain language of section 800.04(5) and section 777.011, the victims could not be Defendant's co-perpetrators and thus the victims could not be identified as co-perpetrators in the jury instructions. The State responds that the modified jury instructions were supported by the State's evidence and theory of the case. As discussed above, the State prosecuted Defendant for lewd or lascivious molestation based on the principal theory which allows a defendant to be prosecuted for "otherwise procur[ing] such offense to be committed." § 777.011, Fla. Stat. (2019).

The two modified jury instructions at issue do not misstate the law. Both instructions accurately reflect the application of the principal theory whereby Defendant was alleged to have utilized the two child victims to commit lewd and lascivious acts upon one another by forcing, enticing, or encouraging them to touch each other's genital area. Placing one of the

victim's names into each instruction as the person committing the act comported with the particular facts of this case. In doing so, the trial court appropriately instructed the jury in accordance with the applicable statutes.

## Conclusion

For the foregoing reasons, we affirm Defendant's convictions and sentences on all charges. We also affirm without comment as to all other issues raised by Defendant in this appeal.

*Affirmed.*

GERBER and LEVINE, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***